**MAGOUIRK v. WILLIAMS et al.\***
**(No. 401–3745.)**

(Commission of Appeals of Texas, Section A. March 21, 1923.)

**1. Appeal and error ⬤⇒70(6)—Orders overruling pleas of privilege interlocutory and not appealable except by express statutory authorization.**

An order or judgment of the trial court sustaining or overruling a plea of privilege is one made pending the cause and before a hearing on the merits, and is therefore merely interlocutory, and an appeal lies from such order only by reason of the express provision of Rev. St. arts. 1833 and 1903.

**2. Appeal and error ⬤⇒84(1)—Supreme Court without jurisdiction to review judgment of Court of Civil Appeals on appeal from interlocutory order.**

Under Rev. St. art. 1591, declaring judgments of Court of Civil Appeals final in all appeals from interlocutory orders, which may be allowed by law, the Supreme Court has no jurisdiction to review by writ of error the judgment of the Court of Civil Appeals reversing an order of the trial court overruling a plea of privilege.

**3. Appeal and error ⬤⇒84(1)—Supreme Court without jurisdiction to review judgment of Court of Civil Appeals on appeal from interlocutory order because construction of statute involved.**

Under Rev. St. art. 1521, subd. 3, giving the Supreme Court appellate jurisdiction in cases involving the construction or validity of statutes when brought to the Court of Civil Appeals by writ of error, or appeal from final judgment of the trial court, the Supreme Court has not jurisdiction to review the judgment of the Court of Civil Appeals rendered on appeal from an interlocutory order, though the construction or validity of a statute may be involved.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by H. J. Magouirk against B. W. Williams, C. E. Hood, and others, in which the defendant C. E. Hood and others filed pleas of privilege and asked for change of venue. From a judgment of the Court of Civil Appeals (235 S. W. 640) reversing the order of the trial court overruling such pleas of privilege, the plaintiff brings error. Writ of error dismissed.

Jones & Jones, of Mineola, for plaintiff in error.

John Doyle, of McKinney, for defendants in error.

GALLAGHER, P. J. H. J. Magouirk sued B. W. Williams, J. W. Shepherd, C. E. Hood, R. A. Davis, and E. W. Weisman in the district court of Wood county. Tex., to recover the sum of $890, which he alleged was due him for labor as an oil well driller and to foreclose a laborer's lien on a drilling outfit. Plaintiff alleged that he resided in Wood county, and that the defendants all resided in Collin county, Tex. He further alleged that the property upon which he asserted said lien was situated in Wood county. The parties will be designated as in the trial court.

Defendants C. E. Hood and J. W. Shepherd in due time and form filed pleas of privilege and asked that the cause be transferred to Collin county for trial. Plaintiff filed a controverting affidavit in which he alleged that the money sued for was for labor performed in Wood county in erecting, building, and operating a rig and derrick for drilling an oil well in said county, and that before filing suit he had prepared, filed, and had recorded in the office of the county clerk of said county a laborer's and mechanic's lien on the rig, equipment, and machinery so erected, built, and operated by him, and that the same was then and at the time of the filing of this suit situated in Wood county. Plaintiff supported his controverting affidavit by his testimony on the hearing of said pleas. The court, after hearing the evidence, overruled the pleas of privilege so interposed. No trial on the merits was had. Defendants C. E. Hood, R. A. Davis, and J. W. Shepherd appealed from the order overruling said pleas of privilege. The Court of Civil Appeals reversed the trial court and

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied April 18, 1923.

ordered the cause remanded, with instructions to transfer the same to the district court of Collin county. 235 S. W. 640. Plaintiff applied to the Supreme Court for writ of error, and his application was granted.

The defendants have filed in this court a motion to dismiss the writ of error on the ground that the order or judgment of the trial court overruling defendants' pleas of privilege was merely interlocutory and that the judgment of the Court of Civil Appeals was final by the express provisions of article 1591 of the Revised Statutes. Subdivision 6 of that article is as follows:

"The judgments of said courts of Civil Appeals shall be final in all appeals from interlocutory orders appointing receivers or trustees or such other interlocutory appeals as may be allowed by law."

[1, 2] An order or judgment of a trial court sustaining or overruling a plea of privilege is one made pending the cause and before a hearing on the merits. It does not dispose of the case by sending it out of court entirely, but holds it for subsequent hearing in that court or in the court to which it is transferred. Such an order or judgment is therefore merely interlocutory. Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S. W. 326, 329. An appeal lies therefrom only by reason of the express provisions of articles 1833 and 1903 of the Revised Statutes. There is nothing in said articles which might be construed to confer jurisdiction upon the Supreme Court in such cases by implication as in appeals from interlocutory orders in injunction cases under articles 4644 to 4646, inclusive, of the Revised Statutes.

[3] Plaintiff claimed a statutory lien on the property described in his petition, under the provisions of section 1, c. 17, of the General Laws of Texas of 1917 (Vernon's Ann. Civ. St. Supp. 1918, art. 5639a). He relied on the existence of such lien and the fact that such property was situated in Wood county to defeat defendants' pleas of privilege. The Court of Civil Appeals held that said statute did not give him a lien on such property and made such holding the basis of its judgment reversing and remanding the cause and directing the district court to transfer it to Collin county. The case is therefore one involving the construction of a statute. Plaintiff contends that jurisdiction of this case is conferred on the Supreme Court by subdivision 3 of article 1521 of Vernon's Sayles' Ann. Civ. St. 1914, which enumerates cases involving the construction or validity of statutes among the cases of which the Supreme Court is thereby given jurisdiction. Said article 1521 by its express terms gives the Supreme Court appellate jurisdiction in such cases only when brought to the Courts of Civil Appeals by writ of error or appeal

from final judgment of trial courts. This case was brought to the Court of Civil Appeals, not from a final judgment of the trial court, but from an interlocutory judgment only, and the Supreme Court has no jurisdiction to hear the same on writ of error.

The issue of the jurisdiction of the Supreme Court in this class of cases is involved in the case of Izaguirre v. Evans, 249 S. W. 187, and that court has reached the same conclusion above expressed.

The writ in this case having been inadvertently granted, and the Supreme Court being without jurisdiction, we recommend that the same be dismissed.

CURETON, C. J. The writ of error and application therefor are dismissed, as recommended by the Commission of Appeals.