### PERKINS v. TEXAS BANK & TRUST CO. (No. 324–3668.)

(Commission of Appeals of Texas, Section A. March 21, 1923.)

Appeal and error ☞84(1)—Supreme Court without jurisdiction to review judgment of Court of Civil Appeals on appeal from interlocutory order.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1591, providing that judgments of the Courts of Civil Appeals in all appeals from interlocutory orders which may be allowed by law shall be final, the Supreme Court is without jurisdiction to review a judgment of the Court of Civil Appeals reversing the order and judgment of the trial court in disposing of a plea of privilege.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by the Texas Bank & Trust Company against F. S. Weaver, Harry Perkins, and others, in which defendant Perkins filed a plea of privilege. From the judgment of the Court of Civil Appeals (230 S. W. 736) reversing a judgment of the trial court overruling such plea of privilege and defendant's demurrers to controverting affidavits, defendant Perkins brings error. Writ of error dismissed.

G. B. Fenley and L. Old, both of Uvalde, and Claude Lawrence, of El Paso, for plaintiff in error.

Jones, Jones, Hardie & Grambling, of El Paso, for defendant in error.

RANDOLPH, J. This suit was brought by Texas Bank & Trust Company against F. S. Weaver, of El Paso county, Harry Perkins, of Uvalde county, and other defendants, in the district court of El Paso county. Defendant Perkins filed his plea of privilege to be

sued in Uvalde county, the county of his residence. The plaintiff filed a controverting affidavit. Appeal was taken from the trial court's action in overruling the demurrers of defendant Perkins to plaintiff's controverting affidavit and in overruling defendant Perkins' plea of privilege to the Court of Civil Appeals at El Paso. The Court of Civil Appeals held (230 S. W. 736) against the contention of defendant Perkins that the judgment of the trial court should be reversed and judgment rendered ordering the case transferred to Uvalde county, but that court did hold that the case, for reasons stated in the opinion of the Court of Civil Appeals, must be reversed and remanded for the purpose of hearing evidence by the trial court upon plaintiff's controverting affidavit. Writ of error was granted by the Supreme Court, and the case was referred to this section of the Commission for consideration and report.

It being apparent that the plea of privilege was heard and determined by the trial court, as a preliminary of the trial of the case on its merits, the question is: Is the judgment of the Court of Civil Appeals upon the questions presented in the appeal to that court final?

We are of the opinion that it is, and that the Supreme Court is without jurisdiction to determine the matters set out in the application for writ of error.

Article 1903, Vernon's Ann. Civ. Stat. Supp. 1918, gives the requisites of a plea of privilege, etc., and further provides that—

"Either party may appeal from the judgment sustaining or overruling the plea of privilege, and if the judgment is one sustaining the plea of privilege and an appeal is taken, such appeal shall suspend the transfer of the venue and a trial of the cause pending the final determination of such appeal."

Subdivision 6 of article 1591 of Vernon's Sayles' Ann. Civ. St. 1914 provides that the judgments of such courts—that is, the Courts of Civil Appeals—in all appeals from interlocutory orders appointing receivers or trustees or such other interlocutory appeals as may be allowed by law shall be final.

Freeman on Judgments, § 29, defines interlocutory judgment or decree as follows:

"An interlocutory decree is one made pending the cause and before the hearing on the merits."

The order on the plea of privilege entered by the trial court and considered by the Court of Civil Appeals in this cause is clearly an interlocutory decree and one in which the jurisdiction of the Court of Civil Appeals is final.

The question herein decided is decided in collaboration with section B of the Commission of Appeals in their decision in the case of Izaguirre v. Evans, 249 S. W. 187, and both sections of the Commission of Appeals concur in the general disposition of the question now before this section.

We therefore recommend to the Supreme Court that the writ of error granted be dismissed for the want of jurisdiction in the Supreme Court.

CURETON, C. J. The writ of error and application therefor are dismissed, as recommended by the Commission of Appeals.