## IZAGUIRRE v. EVANS.   (No. 265–3487.)

(Commission of Appeals of Texas, Section B. March 21, 1923.)

**Appeal and error ⟜84(1) — Supreme Court without jurisdiction to review judgment of Court of Civil Appeals on appeal from interlocutory order.**

Under Rev. St. art. 1591, which makes the jurisdiction of the Court of Civil Appeals final in all appeals from interlocutory orders which may be allowed by law, the Supreme Court is without jurisdiction to review a judgment of the Court of Civil Appeals affirming or reversing a judgment of the trial court in disposing of a plea of privilege, and such jurisdiction cannot be conferred by consent, waiver, or acquiescence, so that a writ of error will be dismissed, though no motion to that end was made.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by Marvin Evans against Dent N. Cobb, Eduardo Izaguirre, Will J. Rutledge, and others. All of the defendants except Cobb filed pleas of privilege. From a judgment of the trial court overruling their pleas of privilege, defendants Izaguirre and Rutledge appealed to the Court of Civil Appeals. From a judgment of the Court of Civil Appeals (219 S. W. 218), affirming a judgment of the trial court as to Izaguirre and reversing said judgment as to Rutledge, defendant Izaguirre and plaintiff Evans each brings error. Writ of error dismissed.

James B. Wells, of Brownsville, J. L. Browne, of San Antonio, and D. F. Strickland, of Mission, for plaintiff in error.

Geo. P. Brown, of Edinburg, J. E. Leslie, of McAllen, and Jas. A. Graham, of Brownsville, for defendant in error.

McCLENDON, P. J. This suit was brought in the district court of Hidalgo county by Marvin Evans against Dent N. Cobb, Eduardo Izaguirre, N. H. Browne, and Will J. Rutledge. Each of the defendants except Cobb filed a separate plea of privilege to be sued in the county of his residence. These pleas were heard and the issues of fact upon such hearing submitted to a jury. The trial court peremptorily instructed the jury to find in

favor of defendant Browne upon his plea, and upon the findings of the jury overruled the pleas of defendants Izaguirre and Rutledge, who appealed to the Court of Civil Appeals. That court affirmed the judgment as to Izaguirre, reversed the judgment as to Rutledge, and remanded the case to the trial court, with instructions to transfer the cause to Bexar county as to defendants Browne and Rutledge, but to retain jurisdiction as to defendant Izaguirre. 219 S. W, 218. Defendant Izaguirre and plaintiff, Evans, sued out and were, by the Supreme Court, granted writs of error to the Court of Civil Appeals.

None of the parties to the suit have questioned the jurisdiction of the Supreme Court to review the judgment of the Court of Civil Appeals in this case. But since the case was submitted the question has been raised by motion to dismiss the writ of error in the case of Maqouirk v. Williams, 249 S. W. 185, now pending before Section A of the Commission of Appeals. That court, in an opinion by Presiding Judge Gallagher, in which we fully concur, hold that the judgment of the Court of Civil Appeals is final in all appeals from interlocutory orders of the trial court granting or denying pleas of privilege to be sued in some other county than that in which the suit is brought. To the same effect is the holding in Perkins v. Bank, 249 S. W. 186, now before Section A of the Commission (opinion by Judge Randolph).

Article 1591 (6), R. S. provides that:

"The judgments of said Courts of Civil Appeals shall be final in all appeals from interlocutory orders appointing receivers or trustees or such other interlocutory appeals as may be allowed by law."

In the case of Spence v. Fenchler, 107 Tex. 443, 180 S. W. 597, it was held that the Supreme Court had jurisdiction in an appeal from an interlocutory order granting, refusing, or dissolving an injunction. But that decision was rested upon the peculiar wording of R. S. arts. 4645 and 4646 regulating appeals in such matters.

The statute granting the right of appeal from interlocutory orders upon pleas of privilege to be sued in a county other than where the suit is brought reads:

"Either party may appeal from the judgment sustaining or overruling the plea of privilege, and if the judgment is one sustaining the plea of privilege and an appeal is taken, such appeal shall suspend the transfer of the venue and a trial of the cause pending the final determination of such appeal." Acts April 2, 1917, c. 176, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903).

Manifestly there is nothing in this statute which even suggests that the right of appeal therein granted is not governed by R. S. art. 1591 (6), which makes the jurisdiction of the Court of Civil Appeals final in all interlocutory appeals which "may be allowed by law."

It may also be noted that R. S. art. 1521, expressly limits the jurisdiction of the Supreme Court to cases brought to the Courts of Civil Appeals "from final judgments of the trial courts."

The judgment of the Court of Civil Appeals being made final by statute, and the Supreme Court being wholly without jurisdiction to review that judgment, the parties could not confer jurisdiction by consent, waiver, or acquiescence; and therefore it is not material that no motion to dismiss the writs of error has been filed or objection to considering the case made.

We therefore conclude that the orders heretofore entered granting the writs of error should be set aside, and that the applications for writs of error be dismissed.

CURETON, C. J. The writs of error and applications therefor are dismissed, as recommended by the Commission of Appeals.