## HOWARD v. MEXICAN–AMERICAN COMMERCIAL CO. et al. (No. 409–3762.)

(Commission of Appeals of Texas, Section A. March 28, 1923.)

**Appeal and error ⬅84(I)—Supreme Court without jurisdiction to review judgment of Court of Civil Appeals on appeal from interlocutory order.**

The order of the trial court disposing of a plea of privilege to be sued in another county is an interlocutory order, and the judgment of the Court of Civil Appeals on appeal therefrom is final, and one which the Supreme Court has no jurisdiction to review by writ of error.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by J. W. Howard against the Mexican-American Commercial Company and another, in which the defendant named filed a plea of privilege. From the judgment of the Court of Civil Appeals (237 S. W. 319) reversing a judgment of the trial court overruling such plea, the plaintiff brings error. Writ of error dismissed.

L. H. Browne, of San Antonio, for plaintiff in error.

D. McNeill Turner, of Laredo, for defendants in error.

GERMAN, J. This action was brought in the district court of Bexar county by J. W. Howard against R. Quijano, of Bexar county, and the Mexican-American Commercial Company of Laredo, Tex., on a draft drawn by Quijano on the Mexican-American Com-

---

pany in favor of the National Bank of Commerce of San Antonio, which was accepted as payable at Laredo. The Mexican-American Commercial Company interposed a plea of privilege to be sued in Webb county, and from an order overruling that plea an appeal was prosecuted to the Court of Civil Appeals for the Fourth Supreme Judicial District. That court reversed and rendered the cause, with instructions that the venue be changed to Webb county (237 S. W. 319).

The order of the trial court on the plea of privilege was an interlocutory order. In such case the judgment of the Court of Civil Appeals is final. The writ of error was inadvertently granted. This question was determined in the cases of Magouirk v. Williams, 249 S. W. 185, Perkins v. Texas Bank & Trust Co., 249 S. W. 186, and Izaguirre v. Evans, 249 S. W. 187, in which cases the recommendations of the Commission of Appeals that the writs of error be dismissed were adopted by the Supreme Court March 21, 1923.

We therefore recommend that the writ of error and the application therefor be dismissed for want of jurisdiction.

CURETON, C. J. The writ of error and the application therefor are dismissed for want of jurisdiction, as recommended by the Commission of Appeals.