Application No. 13713.    Decided February 18, 1925.

H. A. LEAVERTON V. J. L. CHAPMAN, BANKING COMMISSIONER.

Application No. 13709.    Decided February 18, 1925.

1.—Jurisdiction of Supreme Court—Negligence—Question of Fact.

Where cotton of plaintiff was injured by a flood while stored by defendant on a platform not above known previous high water mark and where cotton had only a few years before been damaged by overflow, a question of fact whether the injury was caused by defendant's negligence, rather than by act of God, was presented, ruling on which the Supreme Court, having jurisdiction only over questions of law, had no power to review.   (Pp. 379, 380).

2.—Jurisdiction—Rulings on Evidence.

The exclusion of evidence will not be reviewed by the Supreme Court in a case in which the verdict and determination could not have turned on such evidence, if admitted, and it had no jurisdiction to grant writ of error on such ruling.   (P. 380).

3.—Jurisdiction—Damages.

Whether damages awarded were excessive is a question of fact which the Supreme Court has no power to review.   (Pp. 380, 381).

4.—Jurisdiction—Court of Civil Appeals—Interlocutory Orders—Plea of Privilege.

The Court of Civil Appeals has final jurisdiction in an appeal from an interlocutory judgment, such as one overruling a plea of privilege; the Supreme Court is without jurisdiction to review it on writ of error.   (P. 381).

5.—Jurisdiction—Writ of Error—Limit of Time.

The time allowed for making application for writ of error (thirty days from the overruling of motion for rehearing) can not be extended by the party filing a second motion for rehearing, no new ruling against him having been made in a later opinion filed to correct a single paragraph in the opinion on the first motion.   (Pp. 381, 382).

6.—Jurisdiction—Construction of Statute.

The jurisdiction of the Supreme Court to review rulings involving the construction of a statute does not apply where the question is not one of the real sense and meaning of the words, but whether they apply to a matter not

explicitly dealt with, but claimed to come within its aim and purpose. A mere claim that the statute (here as to comment by the judge on the weight of testimony) should apply will not give jurisdiction, at least not without reasonable grounds for giving it such application. (Pp. 383, 384).

7.—Jurisdiction—Argument of Counsel.

For counsel to argue as to how special issues should be answered by the jury is not to discuss the legal effect of such answers. A ruling permitting them to do so is not in conflict with decisions holding the latter form of argument improper, and does not give the Supreme Court jurisdiction by reason of such conflict. (Pp. 384, 385).

8.—Jurisdiction—Errors Important to Jurisprudence.

It was intended by subdivision 6, of article 1521, Revised Statutes, that the Supreme Court should exercise discretion in determining whether errors of law were so misleading to trial and intermediate courts as to require them to take jurisdiction for their correction. (P. 385).

9.—Same—Homestead.

The jury having found that a conveyance of the homestead was bona fide, and not a disguised mortgage, rulings on the claim that defendants in error were chargeable with notice of the homestead rights were not so serious as to require correction, nor in fact erroneous at all. (Pp. 385, 386).

10.—Jurisdiction—Error not Assigned on Appeal.

Error in the exclusion of by laws of an association which, if admitted, would have required a different judgment were beyond the power of the Supreme Court to review where no error in the ruling admitting them was assigned in the Court of Civil Appeals. Errors in admitting or excluding evidence can not be considered fundamental; nor was such error assigned by challenging the judgment as contrary to undisputed facts. (P. 386).

11.—Bill of Discovery.

Under chapter 19, acts of Thirty-Eighth Legislature, authorizing suits in the nature of a bill of discovery, such action may be maintained to compel disclosure of assets or fraud in a conveyance of property by a judgment debtor, though in the absence of a suit pending or contemplated; and such was the doctrine in courts of equity. (P. 387).

The opinion here pronounced disposes of applications for writs of error in the seven cases named above, the last mentioned by refusal of the writ, and the others by dismissal of the applications for want of jurisdiction. The cases were as follows:

Hamlin sued the National Compress Co. in the District Court of Ellis County and recovered judgment. Defendant company appealed, and on affirmance by the Court of Civil Appeals for the Fifth District (264 S. W., 488) applied for writ of error.

Maggie Moore sued the L. B. Price Mercantile Co. in the District Court of Harris County, and had judgment. Defendant appealed and on affirmance by the Court of Civil Appeals for the Ninth District (264 S. W., 488) applied for writ of error.

Gertrude Alexander sued Samuel Alexander in the District Court of Dallas County. He applied for writ of error on a judgment of the

Court of Civil Appeals for the Fifth District (265 S. W., 1072) affirming on his appeal the interlocutory judgment of the trial court overruling his plea of privilege.

Mrs. Mamie Wagner and others sued the Texas & New Orleans Railway Co. in the District Court of Harris County for negligently causing the death of F. G. Wagner. Plaintiffs had judgment. Appeal by defendant resulted in a reversal and remand by the Court of Civil Appeals for the Fifth District (262 S. W., 902). Appellees applied for a writ of error.

Hunken and another sued T. H. Mims and wife in the District Court of Harris County, and recovered judgment. On defendants appeal to the Court of Civil Appeals for the Ninth District the judgment was reformed and affirmed (262 S. W., 930). Defendants, appellants, sought writ of error, and on dismissal of their petition therefor moved for a rehearing, which motion is here disposed of.

Elise S. Griffiing brought suit in the District Court of Dallas County against the International Travelers Association, and recovered judgment. Defendant appealed and on affirmance by the Court of Civil Appeals for the Fifth District (264 S. W., 263) applied for writ of error. The petition was dismissed, and the application is here considered on a motion for rehearing, which is overruled.

J. L. Chapman, Banking Commissioner, sued H. A. Leaverton in the District Court of Stephens County, and appealed from a judgment sustaining a demurrer to his petition. The case being reversed and remanded by the Court of Civil Appeals for the Second District (263 S. W., 1083) Leaverton applied for writ of error. The application is here considered on his motion for rehearing on the refusal of the writ.

*Sharp & Tirey*, and *Sleeper, Boynton & Kendall*, for plaintiff in error National Compress Co.

*J. F. Spencer*, for defendant in error, Hamlin.

*Fouts & Patterson*, for plaintiff in error L. B. Price Merc. Co.

*Guines & Colgin*, for defendant in error Moore.

*Carter & Lewis* and *R. L. Carter*, for plaintiff in error Samuel Alexander.

*Lowrance & Bates*, for defendant in error Gertrude Alexander.

*Louis, Campbell & Nicholson, Thompson Knight, Baker & Harris,* and *Carden, Starling, Carden, Hemphill & Wallace,* for plaintiff in error Wagner.

*Garrison & Watson,* for defendant in error Texas & N. O. Ry. Co.

*H. H. Cooper,* for plaintiffs in error Mims et al.

*Baker, Botts, Parker & Garwood,* for defendants in error Hudson et al.

*Seay, Seay, Malone & Lipscomb,* for plaintiff in error International Travelers Assn.

*Cockrell, McBride, O'Donnell & Hamilton,* for defendant in error Griffiing.

*Hickman & Bateman, W. R. Saunders, T. B. Ridgell,* and *Leaverton & Hardy,* for plaintiff in error Leaverton.

*Hawkins, Hawkins & David,* for defendant in error Chapman.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Should the Court's long established practice be followed, no written opinions would be filed in disposing of the applications for writs of error in the above styled causes. The questions presented by these applications, however, are typical of so great a number which are constantly brought here for review that we have deemed it important to state the questions and the grounds for the conclusions that they are without or within the Court's jurisdiction.

The first application is in a suit where defendant in error, Hamlin, recovered a judgment of plaintiff in error, National Compress Company, for damages to cotton from the overflow of a creek, while the cotton was in the possession of plaintiff in error as bailee or warehouseman.

In its last analysis the error of the Court of Civil Appeals, which we are asked to review under various assignments, consisted in deciding that the evidence raised a question of fact as to whether the cotton was injured by the negligence of defendant in error or by an overflow constituting an unprecedented "act of God".

The application discloses evidence which made it the plain duty of the trial court to treat the question as one of fact, such for instance as that the cotton was stored by defendant in error on a platform, not above a known previous high water mark, and where cotton had

only a few years before suffered substantial damage from overflow. Choate v. Railway Co., 91 Texas, 409, 44 S. W., 69; Wilson v. Freeman, 108 Texas, 125, Ann. Cases, 1918D, 1203, 185 S. W., 993.

In this state of the record the Constitution forbids that we should take jurisdiction of the application. Section 3, of Article 5, of the Constitution restricts the appellate jurisdiction of the Supreme Court to questions of law. The statutes regulating the Court's jurisdiction are equally explicit in forbidding any extension of the Court's appellate jurisdiction beyond questions of law. Arts. 1521, 1522, Complete Texas Statutes.

The opinion in Decker v. Kirlicks, 110 Texas, 90, 216 S. W., 385, approved in Holland v. Nimitz, 111 Texas, 431, 232 S. W., 295, 230 S. W., 185, was intended to make plain that the Supreme Court will undertake to review questions as to the existence or non-existence of any evidence to support findings, verdicts, or judgments only when the record seems to preclude fair doubt as to the existence or non-existence of evidence. Otherwise, we could not say that the action sought to be corrected was "flagrantly wrong".

Applying these rules we cannot do otherwise than dismiss the Compress Company's application for writ of error, for want of jurisdiction. It is so ordered.

By the second application, plaintiff in error, L. B. Price Mercantile Company, seeks to review a judgment of the Beaumont Court of Civil Appeals, affirming a judgment against it for personal injuries inflicted on defendant in error, Maggie Moore, by agents of plaintiff in error.

The principal contention in this petition is that the Court should review the exclusion of evidence tending to show that defendant in error, her husband, and her daughter had each maintained two suits within two years for alleged personal injuries, of which no objective symptoms were found. Plaintiff in error in nowise challenges the finding of the Court of Civil Appeals that the record contains ample evidence of an unjustifiable assault on defendant in error by plaintiff in error's agents, resulting in her injury substantially as alleged and as found by the jury. Thus it appears that the case could not possibly be held to turn on the excluded testimony. We had no jurisdiction of a complaint about the exclusion of such testimony under the "substantive law rule", and we have none under the present statute. Browder v. Independent School District, 107 Texas, 538, 180 S. W., 1077; Smith v. Butcher, 110 Texas, 618, 223 S. W., 166; Kirksey v. Traction Company, 110 Texas, 193, 217 S. W., 139; Hartt v. Yturia Cattle Company, 228 S. W., 551.

The only other asserted ground of jurisdiction is based on alleged excessiveness in the damages awarded plaintiff in error. Here a

pure question of fact is raised which this Court has been denied power to review. Dillingham v. Richards, 87 Texas, 247, 28 S. W., 272; International & G. N. R. R. Co. v. Goswick, 98 Texas, 477, 85 S. W., 785; Burrell Eng. & Const. Co. v. Grisier, 111 Texas, 447, 240 S. W., 899.

Hence, this petition is also dismissed as presenting only matters without our jurisdiction.

The writ of error in the case of plaintiffs in error, Samuel Alexander et al. against defendant in error, Gertrude Alexander, is sought to revise a judgment of the Court of Civil Appeals affirming a judgment of the District Court overruling plaintiffs in error's pleas of privilege. A judgment overruling a plea of privilege is strictly interlocutory, leaving all issues between the parties yet to be adjudicated by final judgment. The purpose of the plea is to secure an adjudication as to where the cause should be tried and the final judgment rendered. The statute declares in plain language that judgments of the Courts of Civil Appeals are final in all appeals from interlocutory orders. Where it was intended, despite this declaration, for the Supreme Court to revise a judgment of the Court of Civil Appeals in an appeal from an interlocutory order, the Legislature has used language plainly disclosing such intent, as in the statutes dealing with the revision of orders with respect to temporary injunctions. No language of this sort can be found in the statutory provisions for the review of orders on pleas of privilege. The statutes have been frequently construed and applied in such a way as to preclude the exercise of jurisdiction by the Supreme Court to review the judgment of the Court of Civil Appeals here complained of, and the petition for writ of error is accordingly dismissed. Hinn v. Gallagher, 114 Texas, 322, 268 S. W., 132; Magouirk v. Williams, 249 S. W., 185; Izaguirre v. Evans, 249 S. W., 187; Perkins v. Texas Bank & Trust Co., 249 S. W., 186.

Plaintiffs in error, Mrs. Mamie Wagner et al., recovered a judgment in the District Court against defendant in error, Texas & New Orleans Railway Company, for $26,500 damages, for the death of F. G. Wagner, as the proximate result of negligence of defendant in error.

On the 28th day of November, 1923, the Galveston Court of Civil Appeals reversed this judgment and remanded the cause to the District Court, with an opinion filed by Associate Justice Lane on the 14th day of December, 1923. Considering that the judgment of the district court should have been affirmed, Associate Justice Graves filed an extended dissenting opinion on the 15th day of January, 1924.

On the 28th day of February, 1924, the motion for rehearing of plaintiffs in error was overruled, and thereafter, on March 6, 1924, a

written opinion on the motion for rehearing was filed by Chief Justice
Pleasants, followed by a dissenting opinion by Associate Graves on
March 13, 1924. On April 17, 1924, plaintiffs in error's motion to
certify the points of dissent to the Supreme Court was overruled.
On the 17th day of April, 1924, Chief Justice Pleasants filed an
opinion correcting one paragraph of his opinion on rehearing, but
containing no new ruling against plaintiffs in error. On April 21,
1924, plaintiffs in error filed a second motion for rehearing, which
was overruled on May 1, 1924, with Associate Justice Graves dis-
senting.

On May 5, 1924, plaintiffs in error filed their petition for writ of
error in the Court of Civil Appeals.

It thus appears that the petition for writ of error was filed on the
fourth day after plaintiffs in error's second motion for rehearing was
everruled, but long after the expiration of thirty days after their first
motion for rehearing was overruled, and after the opinions thereon
were filed, except the corrective opinion of April 17, 1924.

On the facts stated it is the settled rule that the petition filed on
May 5, 1924, conferred no jurisdiction on this Court. Article 1541
of the Revised Statutes requires the filing of the petition for writ of
error with the clerk of the Court of Civil Appeals "within thirty
days from the overruling of the motion for rehearing." Long v.
Martin, 112 Texas, 365, 247 S. W., 827. When plaintiffs in error
allowed thirty days to elapse from not only the date of overruling
their motion for rehearing, but from the date of filing of the opinion
of Chief Justice Pleasants of March 6, 1924, the time had passed to
invoke the appellate jurisdiction of this Court to review the order
refusing to grant the rehearing or any ruling embodied in Chief
Justice Pleasants' opinion. Had the Court of Civil Appeals rendered
any decision against plaintiffs in error on April 17, 1924, or at any
other time within thirty days before they filed their petition for writ
of error, of a nature subject to review by this Court, a different
question would be presented. This case is one where plaintiffs in
error simply seek to use a second motion for rehearing as a means
to secure an extension of time to complain of rulings made, not on
such second motion, but on a previous motion for rehearing. A second
motion cannot be used to accomplish any such end. Henningsmeyer
v. Bank, 109 Texas, 116, 195 S. W., 1137, 201 S. W., 652; Vinson v.
Carter, 106 Texas, 273, 166 S. W., 363; Smith v. Patton, 241 S. W.,
109.

It follows that the petition for writ of error, filed May 5, 1924,
should be dismissed for want of jurisdiction, and it is so ordered. But,
this order will be without prejudice to the rights of plaintiffs in
error, if any, under any other application tendered the clerk of the

Court of Civil Appeals prior to May 5, 1924, should this Court direct same to be filed.

Defendants in error J. C. Hunken and E. H. Coombs sued plaintiffs in error T. H. Mims and wife, Rena Mims, to recover the amount of two notes, with foreclosure of vendor's lien on certain lots. Plaintiffs in error answered that the lots were their homestead; that the vendor's lien notes were void, because executed in an attempt to mortgage the homestead in violation of the Constitution; that plaintiff in error T. H. Mims deceived his wife in order to secure her joinder in the purported conveyance of the lots under which the notes were given; and that defendants in error had actual or constructive notice of the rights of plaintiffs in error.

The District Court rendered judgment for defendants in error. foreclosing the vendor's lien upon the lots, on a special verdict finding that the sale of the lots was *bona fide*. The Court of Civil Appeals reduced the amount for which the foreclosure was decreed, and affirmed the judgment of the District Court, and this Court refused a petition for writ of error. The case is now before us on motion for rehearing.

On the trial before the jury, the court overruled objections by plaintiffs in error to questions propounded to T. H. Mims as to whether he had lied, was lying, or would lie to keep the lots. Urging that the rulings of the trial judge constituted comment on the weight of the testimony of the witness, which is forbidden by article 1971 of the Revised Statutes, plaintiffs in error ask that we determine whether the rulings were reversible error, insisting that the construction of a statute is involved.

Questions as to the construction of a statute arise in two ways. The first is where the real sense or meaning of the words of the statute is to be determined. The second is where such meaning is perfectly plain, and it is sought to have the statute applied to a subject not explicitly dealt with, but which is considered within the true aim, purpose or intent of the statute. Where a real controversy is presented on the meaning of the terms of a statute, on which a judgment turns, not final in the Court of Civil Appeals, the Supreme Court clearly has jurisdiction under subdivision 3 of Article 1521 of the Revised Statutes. It is just as plain that it was not intended for the Supreme Court to take jurisdiction merely because a question has arisen which a party claims may be brought within the scope of a statute by looking not only to its terms but to its aim, purpose or intent. In cases of the kind last mentioned, this Court will not treat a case as involving the construction of the statutes unless there can be said to be at least reasonable ground for the attempt to apply the

statute. Under that test, we do not think we should assume jurisdiction of plaintiffs in error's case.

Neither of the courts below ruled that the statute allows a trial judge to comment to a jury on the weight of evidence. So far as this record discloses, the courts below and all the parties are agreed that the statute forbids such comment. What the district judge did, which the Court of Civil Appeals refused to declare to be reversible error, was to merely overrule objections to questions which must be regarded as relevant when viewed in the light of the charges made by plaintiffs in error themselves against T. H. Mims. True it is that the questions were designed to discredit the witness. But it is one of the principal and rightful purposes of a cross examination to discredit an adversary's witness. So, while the district judge might well have required counsel to use less offensive language in conducting the cross-examination, we think it entirely plain that there is no substantial basis for the contention that by his rulings the trial judge made any comment on the credibility of this witness or on the weight of his testimony, and hence there is no substantial basis for the claim that there was any violation of article 1971.

We therefore decline to take jurisdiction under subdivision 3 of article 1521, for the lack of substance in the complaint that the case involves the construction of a statute.

The Court of Civil Appeals refused to reverse the judgment of the District Court because of the conduct of counsel for defendants in error in arguing how each special issue should be answered, and in requesting a juror to write answers to each special issue on a copy of the court's charge, it appearing that the juror wrote the answer to one issue to the effect that the sale of the lots was *bona fide,* before he returned the copy to counsel, and it appearing that the district court overruled the objections of plaintiffs in error that the conduct of counsel for defendants in error was prejudicial, irrelevant, without authority of law, and gave undue prominence to defendants in error's contentions.

The jurisdiction of this Court is invoked on the ground that the decision of the Court of Civil Appeals is in conflict with decisions of other Courts of Civil Appeals, in cases such as Galveston H. & H. Ry. Co. v. Fleming, 203, S. W., 105, where it was held improper for counsel to argue to a jury the legal effect of answers to special issues. What counsel did in this case was to indicate what he considered the right answers to the questions submitted to the jury. To argue how special issues should be rightly determined is not to discuss the legal effect of their determination. Hence, whether counsel did or did not pursue a proper course to impress on the jury what he considered the right answers, nothing he did can be construed to be a

violation of the doctrine, announced by some of the Courts of Civil Appeals, which condemns statements of the legal effect of special findings. Therefore, we must decline to take jurisdiction to review the decision of the Court of Civil Appeals on the alleged conflict of decision.

It is insisted that the Supreme Court has jurisdiction to review the decision of the Court of Civil Appeals that defendants in error were not charged with knowledge of the homestead rights of plaintiffs in error, on the ground that in rendering such decision the Court of Civil Appeals committed an error of law of such importance to the jurisprudence of the State as in the opinion of the Supreme Court should require correction.

It is essential to confer jurisdiction on the Supreme Court, under subdivision 6 of article 1521, for the application to disclose: first, that the Court of Civil Appeals committed an error of law; second, that such error of law was of importance to the jurisprudence of the State; third, that the Supreme Court, in its discretion, should conclude that the error was of such a nature as to require correction; and, fourth, that the error was not committed in a case within the final jurisdiction of the Court of Civil Appeals.

The main purpose of the grant of power to the Supreme Court under subdivision 6 was to enable the Court to prevent the defeat of the substantial rights of parties under fundamental principles of law and equity. It was not designed for the Supreme Court to correct every error even of law in cases excluded from the final jurisdiction of the intermediate courts. It was intended that the Court should exercise wise discretion in determining whether errors of law shown should be regarded as probably and harmfully misleading to the trial and intermediate courts, in the administration of justice, so as to require correction through this Court's exercise of reasonable care to safeguard the State's jurisprudence.

To state these conclusions is to refute the contention that we should exercise jurisdiction in order to review the decision of the Court of Civil Appeals in refusing to sustain the assignment that defendants in error were chargeable with knowledge of the homestead rights of plaintiffs in error Mims and wife. For, under the jury's findings that the conveyance of the lots by plaintiffs in error was to consummate a *bona fide* sale, and not to disguise a mortgage, there was no error in the action of the Court of Civil Appeals in overruling. without comment, the complaint about defendants in error not being held chargeable with knowledge of plaintiffs in error's homestead rights. So, this assignment fails to disclose an error within the purview of subdivision 6, not only through lack of showing an error of law of such importance to the jurisprudence of the State as the

114 Tex. Sup.—25.

Court should regard as requiring correction, but for lack of disclosing any error whatever.

Since the Court 'was without authority to review any question presented by plaintiffs in error T. H. Mims and wife, their application was properly dismissed for want of jurisdiction, and the motion for rehearing is overruled.

The Court heretofore dismissed the application in the case of International Travelers Association v. Elise S. Griffing, and we now have before us a motion for rehearing. In an argument in support of the motion, it is said: "We most earnestly urge upon the Court that the admissibility in evidence and the exclusion thereof of the amendments to the by-laws of the Association was practically the only issue in the case. The judgment itself and the entire record shows that had the by-laws been introduced in evidence it would have defeated recovery and being excluded created liability." As admitted in this argument, the Court was of opinion, in dismissing the application that the Association's liability could not be successfully questioned if the amended by-laws were properly excluded and we thought then, as we rule now, that plaintiff in error was not in any position to ask the Court of Civil Appeals or this Court to correct any error in the exclusion of the amended by-laws, because no assignment of error was urged in the Court of Civil Appeals complaining of the action of the trial court in refusing to admit the amended by-laws.

It is quite impossible to hold that an assignment challenging a judgment as contrary to undisputed facts in evidence complains of a ruling of the trial court which kept certain facts from ever being received in evidence. Nor can we regard as fundamental errors with respect to the mere admission or exclusion of proffered evidence. No court has perhaps been more liberal than this one in determining the necessity for assignments of error. But, where a party offers evidence which is excluded, and he fails to assign error on its exclusion, it must be assumed, for the purposes of his appeal, that he finally recognizes the correctness of the Court's action. The Texas decisions have uniformly so declared for more than half a century. Anderson v. Anderson, 23 Texas, 642; Texas & N. O. Ry. Co. v. Berry, 67 Texas, 241, 5 S. W., 817; Swearingen v. Reed, 2 Texas Civ. App., 364, 21 S. W., 384 (2); Hale v. Bickett, 34 Tex. Civ. App., 364, 78 S. W., 531; Browder v. Memphis Ind. School District, 172 S. W., 155(3). A contrary rule would preclude the possibility of reasonable expedition in the administration of appellate justice. Pearson v. Flanagan, 52 Texas, 277.

Our jurisdiction in this case being dependent on plaintiff in error being in a position to complain of the exclusion of the amended by-laws, the petition of the International Travelers Association was

rightly dismissed for want of jurisdiction, and the motion for rehearing is overruled.

This Court refused the petition for writ of error in the case of H. A. Leaverton et al. v. J. L. Chapman, Commissioner, et al. Planitiffs in error have presented an able motion for rehearing.

There can be no doubt of our jurisdiction to review the decision of the Honorable Court of Civil Appeals in this case. The determination of the case depended on the validity and construction of Chapter 19 of the Acts of the 38th Legislature, authorizing maintenance in the Texas courts of suits in the nature of bills of discovery, and the award of relief therein, in accordance with the usages of courts of equity.

The principal contention of plaintiffs in error is that discovery under this statute should not be decreed in Texas in order to compel disclosure of assets or of fraud in the conveyance of property by a judgment debtor, in the absence of a suit pending or contemplated. It is earnestly insisted that the usages of equity support a decree for discovery only in aid of a suit pending or contemplated.

Appreciating that the application presented a serious question of statutory construction, of far-reaching importance to the jurisprudence of the State, we gave the case careful consideration. The application was refused because we were satisfied that the statute was valid and that it was correctly construed by the Court of Civil Appeals. Our re-examination of the question raised in the motion for rehearing confirms us in these views.

We believe that Chancellor Kent, in Hendricks v. Robinson, 2 Johns., Ch., 296, made a declaration in accord with the usages of courts of equity, in saying:

"I have no doubt that this court can and ought to lend its aid, whenever that aid becomes requisite, to enforce a judgment at law, by compelling a discovery and account, either as against the debtor, or as against any third person, who may have possessed himself of the debtor's property, and placed it beyond the reach of an execution at law."

The above declaration of Chancellor Kent is fully supported by the cases cited in note 26 at page 5094 of 5 Pomeroy's Equity Jurisprudence, and by 1 Story's Equity Jurisprudence, sec. 109, and 2 Story's Equity Jurisprudence, sec. 928.

Having rightly disposed of the petition for a writ of error, the motion for rehearing by plaintiffs in error H. A. Leaverton et al. is overruled.