### STATE v. WISCHKAEMPER et al.

### No. 5670.

Court of Civil Appeals of Texas. Amarillo.

March 12, 1945.

C. Land, of Memphis, for appellant.

W. M. Tucker, of Wellington, for appellee.

STOKES, Justice.

On November 18, 1940, Collingsworth County entered into a written contract with C. Land, an attorney residing at Memphis in Hall County, under the terms of which Land was to undertake the collection of certain delinquent taxes due and owing to Collingsworth County and the State of Texas. The contract provided that it should be in force from January 1, 1941, to December 31, 1942, at which time it would terminate except as to pending tax suits filed by Land and as to those he was allowed six months after the expiration of the contract in which to prosecute them to final judgment in the trial court.

This suit was instituted in behalf of the State and County by the contracting attorney in the early part of 1942 against the appellee, Edgar Wischkaemper, and twenty-four other persons and corporations. The second amended original petition was filed April 31, 1942, but, under circumstances and for reasons not shown by the record, the case was not brought to trial; and on June 15, 1943, upon motion of Edgar Wischkaemper, the court entered an order continuing it until the next term. On January 28, 1944, the case still not having been brought to trial, W. M. Tucker, county attorney of Collingsworth County, filed in the case on behalf of the plaintiffs a motion in which it was alleged that the contract of employment between the County and C. Land had expired and prayed that Land be required by the court to appear and show the authority under which he still was purporting to act as attorney for the plaintiffs. C. Land answered the motion by certain special exceptions and the

plea that, by virtue of the rulings and orders of the trial court granting certain motions for continuances filed by some of the defendants, he had been prevented from prosecuting the case to judgment during the time allowed by the contract. He alleged the contract did not provide that time was of its essence and that under the circumstances he was entitled to a reasonable time in which to prosecute the case to final judgment in the trial court. In the alternative, he alleged that he had expended much time and labor in filing the suit and preparing it for trial and that, in the event he was not permitted further to represent the plaintiffs, he was entitled to recover of them a reasonable fee for such services, which he alleged was fifteen per cent of any amount they might recover.

The issues made by the motion and the answer thereto were tried by the court and resulted in an order denying the contracting attorney the right further to appear and represent the plaintiffs in the case. C. Land excepted to the order, gave notice of appeal, and has perfected an appeal to this Court by filing the statutory appeal bond.

Both parties have briefed the case upon assigned errors of the court below in overruling the motion of C. Land to strike the motion of the plaintiffs, in overruling certain special exceptions of C. Land, and in denying Land's asserted right to recover of the plaintiffs, in the alternative and upon quantum meruit, a reasonable fee of fifteen percent of any amount that might be recovered by them.

From the foregoing statement it will be observed that this is an attempted appeal from an interlocutory order of the trial court. The issues raised by the pleadings in the case, namely, the question of whether the numerous defendants owe delinquent taxes to the State and County, and whether the plaintiffs are entitled to foreclosure of their tax liens, have not been adjudicated, but the case as made by the pleadings still remains on the docket of the trial court. The rule is well established and of long standing that no appeal lies from an interlocutory order except in special cases where such an appeal is allowed by statute, and there is no statute in this State making such an exception in cases of this kind. An interlocutory decree or order is one entered pending the cause and before the hearing on the merits. The order entered by the court below clearly comes within that category and this Court does not have jurisdiction to entertain the appeal. Linn v. Arambould, 55 Tex. 611; Perkins v. Texas Bank & Trust Co., Tex. Com.App., 249 S.W. 186; Izaguirre v. Evans, Tex.Com.App., 249 S.W. 187; Howard v. Mexican-American Commercial Co., Tex.Com.App., 249 S.W. 188; Magouirk v. William, Tex.Com.App., 249 S.W. 185.

The Court being without jurisdiction to pass upon the case as made by the record, the appeal will be dismissed.