Texas & Pacific Railway Company v. T. H. Conner et al.

No. 1644.   Decided March 13, 1907.

**Conflicting Rulings—Certifying Question—Mandamus.**

Finding no conflict between the rulings of the Court of Civil Appeals in Arnett v. Texas & P. Ry. Co. and those in Missouri, K. & T. Ry. Co. v. Sprowles (92 S. W. Rep., 40); Pacific Express Co. v. Redman (60 S. W. Rep., 677), and Houston & T. C. Ry. Co. v. Williams (31 S. W. Rep., 566), the Supreme Court refuse leave to the appellee in the first-named case to file a petition for mandamus requiring the court to send up such case for review upon certificate. (P. 408.)

Motion by the railway company for leave to file in the Supreme

Court a petition for writ of mandamus against the judges of the Court of Civil Appeals for the Second District.

*Douthit & Littler,* for relator.

GAINES, CHIEF JUSTICE.—The case of Arnett & Arnett v. The Texas & Pacific Railway Company was brought in the County Court of Martin County, and a judgment was there rendered for the plaintiffs, which, on appeal by the defendant company, was affirmed by the Court of Civil Appeals of the Second Supreme Judicial District. Thereupon counsel for the defendant moved the court to certify a certain question involved in the decision of this court for its determination upon the ground that their decision is in conflict with the decisions of other Courts of Civil Appeals, in the following cases: Missouri, K. & T. Ry. Co. v. Sprowles (92 S. W., 40); Pacific Express Co. v. Redman (60 S. W., 677), and Houston & T. C. Ry. Co. v. Williams (31 S. W., 556). The motion was overruled.

This is a motion to file a petition for a mandamus to compel the members of the Court of Civil Appeals to certify the question. Arnett & Arnett are made corespondents. The statute relied on to show the duty of the Court of Civil Appeals to certify the question is the Act of the Twenty-sixth Legislature, approved May 9, 1899, the first section of which reads as follows: "That in any cause that is now pending or may hereafter be pending in any of the Courts of Civil Appeals of the several supreme judicial districts of the State of Texas, any one of said courts may arrive at an opinion in the decision of any of said causes that may be in conflict with the opinion heretofore rendered, or hereafter rendered, by some other Court of Civil Appeals in this State on any question of law, and said Court of Civil Appeals refuses to concur with the opinion so rendered by said other Court of Civil Appeals, it shall be the duty of said court failing to concur with the opinion in conflict with the opinion so arrived at by said court, through its clerk, to transmit the question of law, duly certified to, involved in the cause wherein said conflict of opinion has arisen, together with the record or transcript in said cause to the Supreme Court of the State of Texas for adjudication by said Supreme Court. When said record shall have been received by the Clerk of the Supreme Court he shall docket the same, and the Supreme Court shall set such cause down for hearing at some future day, and the clerk of the Supreme Court shall at once notify the parties or their attorneys of record of such setting, and such case shall be set for a time sufficiently far in the future to give such attorneys reasonable time to prepare briefs and arguments if they desire." (Laws 1899, p. 170.) We have carefully examined the cases cited to show a conflict and have concluded that it clearly appears that none is shown.

Therefore we are of opinion that the motion to file the petition should be overruled and it is accordingly so ordered.