CURETON, C. J. The opinion of the Commission of Appeals answering certified questions adopted, and ordered certified to the Court of Civil Appeals.

---

## MONTGOMERY et al. v. TURNER et al.
(No. 385–3669.)

(Commission of Appeals of Texas, Section B. June 6, 1923.)

Appeal and error ⬅⮕84(1)—Judgment granting or denying plea of privilege not a final judgment on which writ of error from Supreme Court may be predicated.

Under Rev. St. 1911, art. 1591, making judgment of Court of Civil Appeals final as to interlocutory orders, and article 1521, limiting appeals from or writs of error to such court to cases of appeals from or writ of error to final judgments, a judgment of trial court granting or denying a plea of privilege is not such a final judgment as will authorize writ of error to review determination of Court of Civil Appeals.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by Mrs. M. L. Turner and others against Emma P. Montgomery and others. A judgment denying a plea of privilege was affirmed by the Court of Civil Appeals (233 S. W. 543), and defendants bring error. Order granting writ of error set aside and application for writ dismissed.

J. W. McDavid, of Henderson, and Templeton & Milam, of Fort Worth, for plaintiffs in error.

Ike A. Wynn, of Fort Worth, for defendants in error.

HAMILTON, J. Mrs. M. L. Turner, joined pro forma by her husband, J. H. Turner, of Tarrant county, Tex., Mrs. S. A. Stewart, joined by her husband Charles Stewart, of Harris county, Tex., S. Y. Collins of the city of St. Louis, St. Louis county, Mo., J. E. Collins, of Childress county, Tex., R. L. Collins, of Douglas, Ariz., S. B. Collins, of Heavener, Okl., Bennie Hayes, joined by her husband, R. L. Hayes, of Bexar county, Tex., plaintiffs, brought suit against P. A. Collins, who resides in Tarrant county, Tex., H. J. Collins, who resides in El Paso county, Tex., and Emma P. Montgomery and her husband, J. O. Montgomery, who reside in Rusk county, Tex., in the district court of Tarrant county, ostensibly for the partition of certain land and personal property situated in Rusk county, Tex. The Montgomerys duly filed a plea of privilege in the form prescribed by the statutes praying for the transfer of the suit to the county of their residence, the situs of the property. The trial court denied the plea of privilege and held that the venue of the case was properly Tarrant county.

From that judgment, the defendants appealed to the Court of Civil Appeals at Fort Worth. The Court of Civil Appeals affirmed the judgment of the district court. 233 S. W. 543.

No other question is presented in the record.

Judgments of the Courts of Civil Appeals are conclusive and final on the law and fact in all appeals from interlocutory orders appointing receivers or trustees or such other interlocutory appeals as may be allowed by law. Article 1591, R. S. 1911.

Article 1521 of the statutes confers upon our Supreme Court appellate jurisdiction extending to questions of law arising in civil causes in the Courts of Civil Appeals in defined cases, when same have been brought to the Courts of Civil Appeals by writ of error, or appeal from final judgments, only, of the trial courts. A judgment of a trial court granting or denying a plea of privilege is not a final judgment. Therefore an appeal from such a judgment is such as falls within the category of those in which the judgments of the Courts of Civil Appeals are declared by statute to be conclusive and final and on which writs of error from the Supreme Court to the Courts of Civil Appeals are not allowed. Magouirk v. Williams et al. (Tex. Civ. App.) 249 S. W. 185; Perkins v. Texas Bank & Trust Co. (Tex. Com. App.) 249 S. W. 186; Izaguirre v. Evans (Tex. Com. App.) 249 S. W. 187.

The question is not raised in the record and the writ of error was evidently granted inadvertently.

We recommend that the order granting the writ of error be set aside and that the application for the writ be dismissed.

CURETON, C. J. The writ of error and the application therefor are dismissed.