ALBERT G. HINN v. JESSE N. GALLAGHER ET AL..

Motion No. 6397. Decided January 7, 1925.

(268 S. W., 132.)

1.—Judgment Final—Interlocutory Decree.

The judgment of the Court of Civil Appeals on appeal from an interlocutory order (overruling defendant's plea of privilege as to venue) was final (Rev. Stats., art. 1591, sec. 6); and since no writ of error would lie that court could be required by mandamus to certify the question, if its ruling was in conflict with other decisions. (Pp. 323, 324).

2.—Venue—Parties—Conflicting Decisions..

The ruling that a defendant must be a necessary or a proper party in order to justify suit in the county of his residence against a co-defendant residing elsewhere and pleading his privilege (Texas & P. Ry. Co. v. Mangum, 68 Texas, 342; Bingham v. Emanuel, 228 S. W., 1015; Kansas City, P. & G. R. Co. v. Bermea Ld. & Lumb. Co., 54 S. W., 324) is not in conflict with that in Hinn v. Forbes, 264 S. W., 190, and will not support a writ of mandamus requiring the appellate court, because of conflict, to certify the question to the Supreme Court. (P. 324).

3.—Joint Obligors—Contribution—Parties—Insolvency.

In a suit against joint obligors to enforce contribution by one compelled to pay the whole debt, one of such obligors, being legally liable, is a proper party to the suit, and it may be brought in the county of his residence, though he is alleged to be insolvent and the entire contribution is sought from the solvent obligor. (Pp. 324, 325).

Motion for leave to file in the Supreme Court a petition for mandamus against the judges of the Court of Civil Appeals for the Tenth District, to require them, because of conflict in decisions, to certify to the Supreme Court a question decided in Hinn v. Forbes, 264 S. W., 190.

*Kinder & Russell* and *Graham & Graham,* for relator.

*C. S. Bradley,* representing Forbes, presented a brief as *amicus curiæ* in opposition to the motion for leave to file.

MR. JUSTICE PIERSON delivered the opinion of the court.

One W. L. Forbes brought suit in Limestone County against E. D. Dickey, a resident of that county, and relator, Albert G. Hinn, a resident of Hale County. Relator Hinn filed his plea of privilege to be sued in the county of his residence, to-wit: Hale County. His plea of privilege was overruled by the trial court, and this ruling was sustained by the Honorable Court of Civil Appeals for the Tenth Supreme Judicial Dictrict. Relator Hinn sought to have that court certify to the Supreme Court certain questions of law, alleging that its decision was in conflict with certain prior decisions of the Supreme Court and other Courts of Civil Appeals. His said motion being overruled, relator has filed in this Court a motion for permission to file a petition for writ of mandamus to require said Court of Civil Appeals to certify to this Court certain questions of law involved in the alleged conflicts.

Article 1591, Revised Statutes, reads:

''The judgments of the courts of civil appeals shall be conclusive on the law and facts, nor shall a writ of error be allowed thereto from the supreme court in the following cases, to-wit:

    ✳      ✳      ✳      ✳      ✳      ✳      ✳      ✳

''6. The judgments of said courts of civil appeals shall be final in all appeals from interlocutory orders appointing receivers or trustees or such other interlocutory appeals as may be allowed by law.''

The judgment of the Court of Civil Appeals in this case is final under the above Article of the statute, no appeal by writ of error being allowed. Magouirk v. Williams, 249 S. W., 185; Perkins v. Bank & Trust Co., 249 S. W., 186; Izaguirre v. Evans, 249 S. W., 187; Montgomery v. Turner, 251 S. W., 1039.

Article 1623 makes it the duty of a Court of Civil Appeals, when its decision is in conflict with a prior decision of the Supreme Court or some other Court of Civil Appeals, to certify to the Supreme Court the questions of law involved in the conflict. Therefore, under said Article, if there is a conflict as alleged by relator, a writ of mandamus

would lie. However, upon a review of the cases alleged to be in conflict, we are of opinion that there is not such conflict as would justify the writ of mandamus. A conflict which would support a writ of mandamus to require certification must be upon a question of law involved and determined, and must be well defined, and such that one decision would overrule the other if both were rendered by the same court. Garitty v. Rainey, 112 Texas, 369, 247 S. W., 825; also see McKay v. Conner, 101 Texas, 313, 107 S. W., 45; Garess v. Fly, 114 Texas, 233, 266 S. W., 779.

Briefly stated, the instant case is substantially as follows: W. L. Forbes, as plaintiff, brought suit in the District Court of Limestone County against E. D. Dickey, a resident of that county, and relator Albert G. Hinn, a resident of Hale County, Texas, for contribution upon some obligations upon which plaintiff Forbes and said defend- ants and others were jointly obligated, which plaintiff Forbes had been compelled to pay. He alleged that some other parties were joint obligors with him and these defendants, but that they were either nonresidents of the State or were insolvent. He alleged also that the defenfant Dickey was insolvent, and on account thereof contribution could not be enforced against him by execution, and prayed that defendant Albert G. Hinn be required to make contribu- tion to him of one-half of the amount he had paid on their joint obligation, "and for all such other and further relief, general and special, as in law or equity he may be entitled to." Defendant Hinn, relator herein, pleaded his privilege to be sued in the county of his residence, to-wit: Hale County, and set out that, inasmuch as plaintiff Forbes alleged the insolvency of defendant Dickey, and in prayer sought to recover from Hinn one-half of the amount paid out, the defendant Dickey was neither a necessary nor a proper party to the suit. His plea of privilege was overruled by the District Court, and the ruling was upheld by the Court of Civil Appeals.

Relator's contention is that this holding is in conflict with Texas & P. Ry. Co. v. Mangum, 68 Texas, 342, 4 S. W., 617; Bingham v. Emanuel, 228 S. W., 1015, and Kansas City P. & G. Ry. Co. v. Bermea Ld. & Lumb. Co., 54 S. W., 324, in which cases it was held that the resident must be either a necessary or proper party defendant against whom the plaintiff has alleged a cause of action in which the resident and nonresident defendants are jointly liable.

We do not find a conflict between the opinions cited and the opinion in this case. To be sure, as held in the cases cited by relator, the plaintiff must allege sufficient grounds to fix liability upon the resident defendant, and such as would make him a necessary and proper party to the suit,—that is, there must be alleged a joint cause of action against the resident and nonresident defendants in order to sustain venue against the nonresident defendant.

A cause of action in the instant case was clearly alleged against the defendant Dickey, and the fact that plaintiff Forbes alleged the insolvency of Dickey and sought contribution of an entire one-half against Hinn, does not destroy the cause of action against Dickey nor change his relationship to the joint obligation, nor plaintiff's right to judgment against him under his prayer for general and special relief. At least he was a proper party. See Slayton v. Anthony, 143 S. W., 201, 202; Webster v. Frazier, 139 S. W., 609, 610.

If, after examination, the Supreme Court finds that the cases do not conflict, it will deny the motion to file petition for mandamus. Texas & P. Ry. Co. v. Conner, 100 Texas, 407, 100 S. W., 367.

Therefore, the motion for permission to file petition for writ of mandamus in this case is denied.