### GREEN v. BROWN. (No. 7402.)

(Court of Civil Appeals of Texas. San Antonio. April 8, 1925.)

Pleading ⬤111—Court must change venue in absence of affidavit controverting plea of privilege.

Filing of plea of privilege in conformity to Acts 1917, c. 176, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), establishes prima facie right to change of venue, and, where plaintiff files no controverting affidavit, court wherein suit is pending cannot hear evidence or take any action except to change venue.

Error from District Court, Hidalgo County; L. J. Polk, Judge.

Action by A. N. Brown against H. T. Green. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

A. M. Green, of San Juan, A. G. Walker, of Dallas, and Bonner, Bonner & Sanford, of Wichita Falls, for plaintiff in error.

Gause & Kirkpatrick, of Mercedes, for defendant in error.

FLY, C. J. On June 28, 1924, defendant in error, A. N. Brown, instituted suit against plaintiff in error, H. T. Green; the petition alleging that the latter was a resident of Wichita county, Tex., the cause of action being damages arising from a failure to deliver to defendant in error twenty shares of the stock of the First National Bank of Mercedes, Tex., of the par value of one hundred dollars per share. Plaintiff in error was duly cited for the September term of the Ninety-Third district court of Hidalgo county, and on August 2, 1924, before the beginning of said term, filed his plea of privilege to be

sued in Wichita county. No controverting affidavit was filed in the cause, and at the succeeding term, on December 15, 1924, judgment by default was taken by defendant in error against plaintiff in error in the sum of $750.

The filing of a plea of privilege in conformity to the Act of April 2, 1917, article 1903, Vernon's Ann. Civ. St. Supp. 1918, creates a prima facie case of the right of the defendant to change the venue. If the plaintiff desires to controvert the plea of privilege, he must file a controverting plea under oath, setting out specifically the facts relied on to confer jurisdiction on the court in which the suit is pending. When such controverting plea is filed, a hearing shall not be had until a copy of the controverting plea is served on the defendant or his attorney for at least 10 days exclusive of day of service and hearing. No such controverting plea was filed, and consequently no notice was given of any hearing. In the case of Craig v. Pittman (Tex. Com. App.) 250 S. W. 667, it was held that nothing more was required of a defendant, in the absence of a controverting affidavit, than the filing of his plea of privilege. The court said:

"In other words, the nonresident defendant in Texas can file his plea by appearance day and dismiss the case from his mind, knowing that, under the law itself, the case must be transferred to his home county unless, and unless only, he or his counsel who prepared his plea of privilege be served with notice of a controverting affidavit filed by the plaintiff in response to his plea of privilege."

Following that decision, it was held in the case of Schumacher v. Dolive, 112 Tex. 564, 250 S. W. 673:

"Under this last act of the Legislature, Dolive was required only to file his plea of privilege on or before the day named in the citation. He could then await notice of a contest thereof should one be filed. In the meantime, he was not required to look after his plea and see that it was passed upon at any particular time. His failure to do so did not constitute a waiver of his plea."

The plea of privilege being drawn in conformity to the requirements of the statute, being given a timely filing in the court, and no controverting affidavit having been filed by the plaintiff in the case, the district court had no authority to hear evidence as to the truth or falsity of the plea, or to take any action except to change the venue and transfer the cause to Wichita county as directed by the statute.

The judgment of the district court is reversed, and the cause remanded, with instructions to the district clerk to make out a correct transcript of all the orders made in said cause and certify thereto officially under the seal of the district court, and transmit the same with the original papers in the cause to the clerk of the Thirtieth district court of Wichita county, Tex.

Reversed and remanded.