TEXAS & PACIFIC RAILWAY CO. v. MARTIN PHELPS.

Application No. 15155.   Decided March 16, 1927.
(292 S. W., 155).

**Supreme Court — Appellate Jurisdiction — Interlocutory Judgment — New Trial.**

Art. 1728, Rev. Stats., limits the appellate jurisdiction of the Supreme Court to cases brought to the Courts of Civil Appeals from final judgments of the trial courts.   Art. 1821 makes judgments of Courts of Civil Appeals final on appeals from interlocutory judgments and forbids their revision on writ of error.   Hence there is no jurisdiction to grant writ of error on appeal under Art. 2249 from an order granting a new trial.   (Pp. 403, 404).

Application by the Texas & Pacific Railway Company for writ of error to the Court of Civil Appeals for the Sixth District, in an appeal from Harrison County.   Application is dismissed for want of jurisdiction, with written opinion.

The new trial was granted on the ground of prejudice against plaintiff's witnesses by a juryman who stated that he would not believe a negro witness as against a white one.   Jurisdiction was claimed on the ground of conflict of the ruling on this appeal with Southern Kan. Ry. Co. v. Sage, 94 S. W., 1074, and with Makey v. Dryden, 128 S. W., 633.

*T. D. Gresham, R. S. Shapard,* and *Bibb & Craven,* for plaintiff in error, cited:   Rev. Stats., Art. 2134; Southern Kan. Ry. Co. v. Sage, 94 S. W., 1075; Moore v. State, 52 Texas Crim., 336, 107 S. W., 540; Makey v. Dryden, 128 S. W., 633.

*Jones & Jones,* for defendant in error, on motion to dismiss. Art. 1728, Revised Civil Statutes of 1925, does not confer jurisdiction upon the Supreme Court in this cause.

Art. 2249, Revised Civil Statutes of 1925, contemplates that a judgment of the Court of Civil Appeals in affirming a trial court, which has given an order granting a new trial, shall be final.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

On the verdict of a jury, the District Court of Harrison County rendered judgment that defendant in error take nothing by his suit against plaintiff in error for damages for an alleged personal injury.   The District Court entered an order granting a new trial on motion of defendant in error.   The Court of Civil Appeals affirmed the District Court's order.

Defendant in error has filed a motion to dismiss plaintiff in

error's application for writ of error on the ground that the Supreme Court has no jurisdiction to review, on writ of error, a judgment of the Court of Civil Appeals affirming an order granting a new trial.

Article 2249 of the Revised Statutes embodies the terms of the Act of the Thirty-ninth Legislature (Chapter 18, p. 45) so as to authorize an appeal to be taken to the Court of Civil Appeals from an order granting a new trial in every case in the district or county court wherein an appeal would lie after final judgment. Such appeal is required to be taken in the same time and manner as though perfected from final judgment.

Under Article 2249, the Court of Civil Appeals had jurisdiction of the appeal to revise the grant of the new trial in this case by the District Court. But Article 1728 of the Revised Statutes expressly limits the appellate jurisdiction of the Supreme Court to the determination of questions of law arising in enumerated cases only when such cases have been brought to the Courts of Civil Appeals from *final* judgments of the trial courts. Since this case was taken to the Court of Civil Appeals in advance of final judgment by appeal from a purely interlocutory order, it is clearly beyond the Supreme Court's appellate jurisdiction if that jurisdiction had to rest on the terms of Art. 1728.

However, Art. 1728 is not the only governing statute. For Art. 1821 of the Revised Statutes declares: First, that the judgments of the Courts of Civil Appeals shall be conclusive on the law as well as on the facts in all appeals from interlocutory orders appointing receivers or trustees and in "such other interlocutory appeals as may be allowed by law"; and, second, that no writ of error shall be allowed to revise judgments of the Courts of Civil Appeals on any such appeals. With the Constitution empowering the Legislature to impose such restrictions as it might see proper on the Supreme Court's appellate jurisdiction over questions of law arising in cases determined by Courts of Civil Appeals, and with the Legislature expressly prohibiting the exercise of jurisdiction to grant a writ of error to revise the action of a Court of Civil Appeals on any appeal from such an interlocutory order as one granting a new trial, and with the Legislature further declaring the decision of the Court of Civil Appeals in an appeal from the order for a new trial conclusive as to both law and facts, it is plain that defendant in error's motion to dismiss the application for writ of error must be sustained. National Compress Co. v. Hamlin, 114 Texas, 381, 269 S. W., 1024; Hinn v. Gallagher, 114 Texas, 322, 268 S. W., 132; Magouirk v. Williams, 249 S. W., 185. It is so ordered.