## BURLESON v. BLEDSOE et al.
### (No. 785—4779.)

Commission of Appeals of Texas, Section B. May 18, 1927.

**1. Appeal and error ⬤⟿84(3)—Supreme Court may not consider writ of error from order of Court of Civil Appeals reversing judgment granting new trial.**

Supreme Court is without jurisdiction to consider writ of error from an interlocutory order of the Court of Civil Appeals reversing judgment of trial court granting a new trial.

**2. Appeal and error ⬤⟿78(6)—Trial courts' action in granting new trial is final'(Acts 1927, c. 52).**

Action of trial courts in granting new trial is again final, under act of Fortieth Legislature (Acts 1927, c. 52).

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by R. W. Burleson against R. E. B. Bledsoe and others. Order granting plaintiff's motion for a new trial after judgment for plaintiff against part of defendants was set aside by the Court of Civil Appeals (289 S. W. 143), and plaintiff brings error. On motion to dismiss writ of error. Writ of error dismissed.

J. F. Taulbee and W. H. Nunn, both of Georgetown, for plaintiff in error.

A. L. Curtis, of Belton, O. E. Roberts, of Taylor, and F. D. Love, L. B. Duke and H. A. Dolan, all of Georgetown, for defendants in error.

POWELL, P. J. The nature of this appeal is briefly and accurately summarized by the Court of Civil Appeals as follows:

"This suit is the outgrowth of the flogging case in Williamson county, in which several of the floggers were convicted of felonious assaults upon appellee, R. W. Burleson. He sued 37 defendants for damages resulting from said assault and flogging which occurred about April 1, 1923, and charged conspiracy among all of said defendants to commit said criminal assault. Upon the trial appellee dismissed his suit as to 10 of said defendants. At the close of the evidence the court gave peremptory instructions to the jury to find in favor of 15 other defendants. Upon the finding of the jury judgment was rendered in favor of appellee against the remaining defendants for the sum of $7,000 damages. The trial court granted plaintiff's motion for a new trial on the ground of newly discovered evidence. And it is from this action of said court that the 15 defendants who had an instructed verdict in their favor have appealed."

The Court of Civil Appeals entered an order reversing the judgment of the trial court in granting the new trial. See 289 S. W. 143.

Since the writ of error was granted in this case, the Supreme Court, in an opinion written by Associate Justice Greenwood, has defi-nitely held that the judgments of the Courts of Civil Appeals in appeals from interlocutory orders granting a new trial are not subject to revision by the Supreme Court. See Railway Company v. Phelps, 292 S. W. 155. Among the authorities cited by Justice Greenwood is the case of Magouirk v. Williams, 249 S. W. 185. In this latter case, the Commission of Appeals, speaking through Presiding Judge Gallagher, recommended a dismissal of a writ of error, even though the appeal involved the construction of a statute. The Supreme Court entered the dismissal as recommended by the commission in that case.

[1] In the case at bar, defendants in error have filed their motion, Supreme Court No. 7616, asking that this writ of error be dismissed. Plaintiff in error has filed no contest of said motion. In view of the fact that this is an appeal from a merely interlocutory order, it seems clear, under aforesaid authorities, that this court is without jurisdiction to further consider this writ of error.

[2] It is interesting to note that the statute authorizing appeals from judgments granting new trials was short lived. In February of this year, the Fortieth Legislature (Acts 1927, c. 52) repealed the act of its immediate predecessor, and the action of the trial courts in this respect again becomes final.

For the reasons stated, we recommend that the writ of error herein and the application therefor be dismissed, as prayed for in aforesaid motion.

GREENWOOD and PIERSON, JJ. Writ of error is dismissed, as recommended by the Commission of Appeals.