## McKITTRICK v. McDANIEL. (No. 1596.)

Court of Civil Appeals of Texas. Beaumont. Nov. 8, 1927.

Pleading ⊝=111—Statute limiting time for filing affidavit controverting plea of privilege is mandatory and plea must be sustained, where affidavit not timely filed (Rev. St. 1925, arts. 2007, 2019).

Rev. St. 1925, art. 2007, requiring defendant desiring to controvert plea of privilege to file a controverting affidavit within five days after appearance day, is mandatory, and where controverting affidavit is not filed within time prescribed, court's only jurisdiction under article 2019 is to enter judgment sustaining the plea and transferring the case to the proper court for trial, and court erred in overruling plea on ground that action was founded on written contract promising performance in county where action was brought.

Appeal from San Augustine County Court; Ed. Kennon, Judge.

Action by W. F. McDaniel against P. W. McKittrick. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with directions.

E. J. McLeroy, of Center, for appellant.

J. F. McLaurin, of San Augustine, and Adams & Hamilton, of Jasper, for appellee.

O'QUINN, J. McDaniel sued McKittrick in the justice court, precinct No. 1, San Augustine county, Tex., to recover in the sum of $148 for a bill of fruit trees sold appellant. In the order for the trees appellant promised to pay appellee the $148 at San Augustine, Tex., when the trees were delivered to him in Nacogdoches county. Appellant timely filed his plea of privilege to be sued in the county and precinct of his residence, which was alleged to be justice precinct No. 5, Nacogdoches county. On the seventh day after appearance day appellee filed his controverting affidavit resisting the plea of privilege on the ground that the action was based upon a written contract promising performance by appellant in San Augustine county. Upon the hearing the plea of privilege was overruled and judgment rendered for appellee, from which judgment appellant appealed to the county court of San Augustine county. Upon a hearing of the plea in the county court, same was overruled, from which judgment overruling said plea this appeal was taken.

At the request of appellant the court filed his findings of fact and conclusions of law. He found, among other things, that appellant at the time of the filing of the suit, prior thereto, and ever since, resided in justice precinct No. 5, Nacogdoches county, Tex.; that the plea of privilege was timely filed; and that appellee's controverting affidavit was not filed within five days after appearance day of the court in which the case was pending, but that same was filed on the seventh day after appearance day, but concluded that, notwithstanding appellant's plea of privilege was not controverted within five days after appearance day, appellee was entitled to maintain his suit in San Augustine county, because founded upon a written contract promising performance in San Augustine county, "same coming within one of the exceptions provided by law relating to the maintaining of suits in counties other than the residence of the defendant."

---

⊝=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The court erred in overruling the plea of privilege. Article 2007, Revised Civil Statutes 1925, provides:

"If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

This statute prescribing a limitation upon the time when a controverting affidavit to a plea of privilege shall be filed is mandatory. Galbraith v. Bishop (Tex. Com. App.) 287 S. W. 1087; Sibley v. Continental Supply Co. (Tex.) 292 S. W. 155. If the controverting affidavit is not filed within the time prescribed, it is the same as if no controverting affidavit had been filed, and under article 2019, the only jurisdiction the court has is to enter judgment sustaining the plea and transferring the case to the proper court for trial. Russell Grader Mfg. Co. v. McMillin (Tex. Civ. App.) 271 S. W. 124; Green v. Brown (Tex. Civ. App.) 271 S. W. 394.

The judgment is reversed and the cause remanded, with instructions to enter judgment sustaining the plea of privilege and transferring the cause to the justice court, precinct No. 5, Nacogdoches county, Tex., for trial.