## STRICKLAND v. PAYNE.    (No. 2151.)

Court of Civil Appeals of Texas.    El Paso.
May 10, 1928.

1. Pleading ☞111—Failure to file controverting affidavit to plea of privilege within statutory time leaves cause as if no affidavit were filed; statute being mandatory (Rev. St. 1925, art. 2007).

Under Rev. St. 1925, art. 2007, plaintiff's failure to file a controverting affidavit to defendant's plea of privilege, as to place of the trial, within time provided by statute, leaves cause as if no affidavit were filed, since statute is mandatory.

2. Pleading ☞111—Where controverting affidavit was not filed within statutory time, court should have transferred cause pursuant to plea (Rev. St. 1925, arts. 2007, 2019).

Where controverting affidavit to defendant's plea of privilege as to place of being sued was not filed within time provided by Rev. St. 1925, art. 2007, the court should, under article 2019, have transferred the cause, pursuant to the plea.

Appeal from Reagan County Court; W. W. Pittman, Judge.

Suit by J. E. Payne against G. N. Strickland. From the judgment, defendant appeals. Reversed and remanded, with instructions.

C. D. Spann, of Fort Worth, for appellant.
J. A. Moore, of Big Lake, for appellee.

PELPHREY, C. J.    J. E. Payne sued G. N. Strickland in the county court of Reagan county for damages alleged to have been occasioned by a collision between the automobiles of the parties on the highway between Texon in Reagan county and Rankin in Upton county. In due time appellant filed his plea of privilege to be sued in Eastland county. Appellee filed a controverting affidavit on November 14, 1927.

The certificate of the clerk in the caption of the transcript shows that the term of court began on November 7, 1927, and it therefore appears that the controverting affidavit was filed more than five days after appearance day, as provided for in article 2007, Revised Statutes 1925.

[1, 2] This statute is mandatory, and the failure to file within the time prescribed leaves the cause before the court as if no affidavit had been filed. McKittrick v. McDaniel (Tex. Civ. App.) 300 S. W. 97. This being true, then the court, under article· 2019, should have transferred the cause to Eastland county.

Believing as we do that the court was in error in refusing to sustain the motion of appellant to strike out the controverting affidavit for the reason that same was filed too late, we reverse the judgment, and remand the cause, with instructions to the trial court to transfer said cause to the county court of Eastland county.

Reversed and remanded, with instructions.