### NORRIS et al. v. GULF PRODUCTION CO. et al.
#### No. 11182.

Court of Civil Appeals of Texas. Galveston.
Feb. 27, 1941.

Rehearing Denied April 3, 1941.

682

Clay Cooke, of Fort Worth, for appellants.

Fouts, Amerman & Moore, of Houston, for appellee Plummer.

John E. Green, Jr., William Stone Wells, and Archie D. Gray, all of Houston, for appellee Gulf Production. Co.

MONTEITH, Chief Justice.

This is an appeal from an order sustaining a plea of privilege in an action brought in the district court of Harris County by appellants, F. A. Norris et al., against appellees, Gulf Production Company and others, wherein they alleged their ownership of certain described lands, and the oil and gas leasehold estates therein, situated in Victoria County, Texas, and sought damages for the conversion and appropriation of the oil and gas produced therefrom.

Appellants' original petition was filed on August 17, 1937. Appellees were cited to appear on September 13, 1937. On September 11, 1937, prior to the return day in said citation, appellees, Gulf Production Company and Albert Plummer, filed their respective pleas of privilege to be sued in the district court of Victoria County, un-

der Subdivision 14 of Article 1995, Revised Civil Statutes of 1925, Vernon's Ann.Civ. St. art. 1995, subd. 14.

On October 11, 1937, appellants filed their controverting affidavit in which they sought to retain venue of said action in Harris County. No motion was filed by appellants seeking permission of the court to file said controverting plea after the expiration of five days after the filing of said plea of privilege. No copy of said controverting plea was served on appellees, and no hearing was had on said pleas of privilege or said controverting affidavit until August 12, 1940.

On June 15, 1940, appellants applied for and were granted leave to file an amended petition, wherein they sought recovery of their proportional interest in the net profits derived from the oil and gas produced from said land.

On a hearing on appellees' pleas of privilege on August 12, 1940, an order was entered sustaining said pleas and directing the transfer of said cause to the district court of Victoria County. Appellants have appealed from this order.

The parts of said Article 1995 material to this appeal, and Subdivision 14 thereof on which appellees rely, read:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: * * *

"14. Lands.—Suits for the recovery of lands or damages thereto, * * * or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Article 2007, Revised. Civil Statutes, Vernon's Ann.Civ.St. art. 2007, provides that, if the plaintiff in a suit desires to controvert a ·plea of privilege, "he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

Article 2008, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 2008, provides that upon the filing of a controverting plea a hearing shall be had thereon after a copy of such controverting plea shall have been served on each defendant, or his attorney, for at least ten days, exclusive of the day of service and the date of hearing.

Article 2019, Revised* Civil Statutes, Vernon's Ann.Civ.St. art. 2019, provides

that if a plea of privilege is sustained, the cause shall be transferred to the court having jurisdiction thereof.

It is the established rule in this state that a plea of privilege, sufficient on its face and filed in due time, deprives the court in which the action is filed of jurisdiction to enter any other judgment than one transferring the case, under R.S.Article 2019, unless a controverting affidavit is filed within five days after appearance day, under said Article 2007, and that, if so filed, a hearing thereon cannot be had until defendants who have filed pleas of privilege have been served with notice thereof for ten full days. Galbraith v. Bishop, Tex. Com.App., 287 S.W. 1087.

It is further held that said Article 2007, which prescribes a limitation upon the time when a controverting affidavit to a plea of privilege shall be filed, is mandatory (McKittrick v. McDaniel, Tex.Civ. App., 300 S.W. 97; Sibley v. Continental Supply Co., 116 Tex. 403, 292 S.W. 155), and that if a controverting affidavit is not filed within the time prescribed under said Article 2007, the result is the same as if no controverting plea had been filed and that, under said Article 2019, the only jurisdiction the court then has is to enter judgment sustaining the plea of privilege and ordering the cause transferred to the proper court for trial. Russell Grader Mfg. Co. v. McMillin, Tex.Civ.App., 271 S.W. 124; Green v. Brown, Tex.Civ.App., 271 S.W. 394; Barnum et al. v. Lancaster Hardware Co., Tex.Civ.App., 40 S.W.2d 1103.

In construing said Article 2007 it is further held that the burden rests upon the plaintiff to procure the disposition of a plea of privilege during the term of court at which it is filed, or to show that the business of the court prevented such consideration at that term. Bundrant v. Woodley, Tex.Civ.App., 32 S.W.2d 664; White v. White, Tex.Civ.App., 105 S.W.2d 779; American Fidelity & Cas. Co. v. Jones Transfer & Storage Co., Tex.Civ.App., 46 S.W.2d 1054; Klapuch v. Dickey, Tex.Civ. App., 91 S.W.2d 484; Brashears v. Strawn National Bank, Tex.Civ.App., 57 S.W.2d 177.

Article 2013, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 2013, provides that pleas to the jurisdiction, pleas in abatement, and other dilatory pleas and demurrers, not involving the merits of the case, shall be determined during the term of court at which they were filed, if the business of the court will permit.

Rule 24 of the County and District Courts provides that, "All dilatory pleas, and all motions and exceptions relating to a suit pending, which do not go to the merits of the case, shall be tried at the first term to which the attention of the court shall be called to the same, unless passed by agreement of the parties with the consent of the court; and all such pleas and motions shall be first called and disposed of before the main issue on the merits is tried."

In the instant case it is uncontroverted that the pleas of privilege filed by appellees, Gulf Production Company and Albert Plummer, were filed within the statutory period; that the controverting plea of appellants was filed approximately a month thereafter and that appellees were not served with copies thereof, as required by said Article 2008, nor was the venue question raised by appellees' pleas of privilege called to the court's attention for disposition at the term of court at which said pleas were filed, nor during the succeeding seven terms of said court, and no application was made by appellants for a postponement thereof .and no order was entered continuing hearing on said pleas of privilege from term to term without prejudice, nor was a written agreement entered into between counsel for appellants and appellees, as provided for under said Rule 24, that such pleas would be continued from term to term without prejudice. The first hearing on said question was had in the district court of Harris County on August 12, 1940.

It follows that the district court of Harris County had no alternative than to enter an order transferring this cause to the district court of Victoria County.

Appellants contend that said appellees' pleas of privilege, in which they sought change of venue of said suit to Victoria County solely under Subdivision 14 of Article 1995, Revised Civil Statutes, was insufficient in law, since by amendment and new citations appellants' cause of action was changed to eliminate any claimed controversy over title to lands or interest therein.

The pleas of both appellees, Gulf Production Company and Albert Plummer, which were in substantially the same lan-

guage, alleged that the Harris County district court ought not to have or take further action or cognizance of said suit than to have the same transferred to the court having jurisdiction of the alleged cause of action; that no exception authorizing the bringing or maintaining of said suit in Harris County existed and that they had not consented to or waived their privilege of being sued in Victoria County, where the land was situated. They alleged: "That this suit is primarily and mainly for the purpose of the recovery of damages to land situated in Victoria County, Texas, and to stay waste on land situated in Victoria County, as shown upon the face of plaintiffs' petition, to which reference is here made for all purposes, and that no part of the land and premises described in plaintiffs' petition, from which recovery for oil removed therefrom is sought, is situated in Harris County, Texas, but that said land lies wholly within Victoria County; that under Subdivision 14 of Article 1995 of the Revised Statutes of Texas of 1925, this suit is required to be brought in Victoria County, Texas, where the land involved is situated."

The precise question here presented has been decided by this court contrary to appellants' contention in the case of Budde v. Navarro Oil Co., Tex.Civ.App., 125 S.W.2d 1055.

In that case, in which the facts were similar in all material respects to those in the instant case, suit was filed in Harris County seeking recovery of oil produced from leases on land situated in Montgomery County. Defendant therein filed a plea of privilege in substantially the same form as that filed by appellees herein, seeking a transfer of said cause to the district court of Montgomery County, on the grounds that the suit fell within the provisions of Subdivision 14 of the venue statute. In sustaining the district court's order transferring the cause, this court held that the ultimate purpose of appellant's suit was to recover title to and possession of the royalty interest in lands located in Montgomery County, and that therefore his action was a suit for recovery of lands and that such an action must be brought in the county where the land lies, pursuant to said Subdivision 14 of R.S. Article 1995.

The court held that the face of plaintiff's petition would be resorted to in order to properly determine the question of venue.

In their original petition appellants alleged that they owned the land and the leasehold estates from which the oil and gas for which they sought recovery was produced. In their amended pleading they alleged that they and appellees were the joint owners of a block of mineral leases on land situated in Victoria County under a joint adventure and that they were entitled to share in all the profits derived therefrom; that appellees became trustees therefor and had sold and appropriated oil derived therefrom. They sought recovery of a percentage of the profits derived from such operations and a percentage of the assets of said joint adventure.

 It is obvious from above pleadings that appellant's suit is an action to recover title to and possession of a royalty interest in lands alleged to be owned by them and located in Victoria County and that therefore it is a suit "for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, * * * or to prevent or stay waste on lands" within the meaning of Subdivision 14 of R.S. Article 1995, and that it "must be brought in the county where the land lies, pursuant" thereto. Budde v. Navarro Oil Co., Tex.Civ.App., 125 S.W.2d 1055, 1057; Elder v. Miller, Tex.Civ.App., 116 S.W.2d 1171; Frost v. Standard Oil Co. of Kansas, Tex.Civ.App., 107 S.W.2d 1037; Robinson v. O'Keefe, Tex.Civ.App., 107 S.W.2d 419.

It follows from above conclusions that the judgment of the trial court must be in all things affirmed. It is so ordered.

Affirmed.