### GREGORY v. LAIRD.

No. 11998.

Court of Civil Appeals of Texas. Galveston.

May 27, 1948.

Rehearing Denied June 17, 1948.

194

Duncan Neblett, of Houston, for appellant.

Merrill & Scott, of Houston, for appellee.

MONTEITH, Chief Justice.

H. D. Laird, doing business as Security Motors brought this action for recovery of the title and possession of a Cadillac automobile then in the possession of appellant, G. G. Gregory. At the same time he sued out a writ of sequestration under which he sought possession of the car. Appellant duly filed a replevin bond with United States Fidelity and Guaranty Company as surety under which he retained possession thereof. In the alternative appellee sought judgment for the value of said automobile from appellant and the sureties on his replevin bond. Appellant answered by general denial and by a special plea in which he alleged that appellee was estopped to assert claim of title to said automobile for the reason that he had sold and delivered possession of the car to one Robert A. Stratton from whom appellant had purchased it in good faith for a valuable consideration and without notice of any defect in its title.

In a trial before the court without a jury, judgment was rendered that appellee recover from appellant and the sureties on his replevin bond the sum of $4,450. The court in the judgment rendered found the value of the car to be $4,250 and that the value of the hire and revenue for the use of the car to have been the sum of $200. The judgment provided that in the event the car was returned to appellee in the condition and manner prescribed by law, appellant and the surety on his bond would be entitled to a credit of $3,950 on the judgment rendered.

It is undisputed in the record that on October 9, 1947, appellee, who was a dealer in used cars in the City of Houston, entered into a conditional contract for the sale of the automobile in controversy to one Robert W. Stratton for the sum of $5,556 and that under the terms of the sale, the automobile was turned over to Stratton who delivered to appellee's agent his draft drawn on a Wisconsin bank for the purchase price of the car with the understanding, however, that appellee would retain possession of the title papers and license receipt for the automobile and that the sale would not be complete and the title to the automobile would not pass until said draft was paid. In the event the draft was not paid, Stratton agreed to return the automobile to appellee.

On or about September 5, 1947, prior to his purchase of said automobile from appellee, Stratton had contracted with appellant to procure for him an automobile similar to the Cadillac automobile in controversy and appellant had delivered to Stratton in payment therefor, his check for the sum of $3,540. This check was subsequently cashed by Stratton. Appellee delivered possession of the automobile in controversy to Stratton on October 9, 1947. Stratton delivered the automobile to appellant on the same day. Appellant was advised by Stratton that the certificate of title to the car would be delivered to him after it was registered to show appellant as its owner. On October 15, 1947, the Wisconsin bank on which the Stratton draft had been drawn advised appellee that the draft would not be paid. Stratton advised appellee's agent by telephone that he would return to Houston on October 27 and that he would see him on that date. He died on October 27, 1947, without further contract with appellee. Appellee filed this action for the possession of said automobile on November 12, 1947.

Appellant, in his one point of appeal, assigns error in the action of the trial court in finding in the judgment rendered that the title to the automobile in controversy was in appellee, for the reason that appellee should be estopped to claim title thereto as against appellant because appellee had failed to determine whether the draft given for the purchase price of the car would be paid before he turned over possession of the car to Stratton; because appellee had failed to take a mortgage on the car pending the outcome to regain possession of the car after being notified that the draft was invalid.

It is undisputed in the record and the trial court must have so found in support of the judgment rendered, that the contract for the sale of the automobile by appellee to Stratton was conditioned upon the payment of the draft given by Stratton as the purchase price therefor.

The Certificate of Title Act, Article 1436—1, Vernon's Ann. Penal Code, was enacted by the Legislature of this State in 1939. Section 27 of said Act requires the procurement of a certificate of title as a condition precedent to the right to transfer a motor vehicle.

Section 53 of the Act provides that "all sales made in violation of this Act shall be void and no title shall pass until the provisions of this Act have been complied with."

■ While this act provides that sales made in violation thereof shall be void and that no title shall pass until the provisions of the Act shall have been complied with it does not provide that no interest in a motor vehicle shall pass until the conditions are complied with or that the procurement and delivery of the Certificate of Title shall be delayed pending the final payment of the purchase price. Hicksbaugh Lumber Company v. Fidelity & Casualty Co., Tex.Civ.App., 177 S.W.2d 802.

In the case of Ball Bros. Trucking Co. et al. v. Sorenson et al., Tex.Civ.App., 191 S.W.2d 908, 912, it is said "that it is the plain duty of one who either purchases or lends money on a motor vehicle 'imported' into Texas, to see to it that the seller or mortgagor has complied with the Texas Certificate of Title Law, and this the appellants did not do. Being derelict in that duty they acted at their peril."

In the instant case appellant does not question the fact that title to the automobile in controversy did not remain in appellee after the conditional sale to Stratton. It is undisputed that he had paid Stratton the purchase price for an automobile prior to its purchase by Stratton. The record is silent as to any investigation by appellant of Stratton's ownership of the car.

Since it is undisputed that the title to said Cadillac automobile remained in appellee after its conditional sale by appellee to Stratton appellant must rely upon his defenses that appellee is estopped to assert such title against him under his asserted claim of innocent purchaser for value.

In Texas Jurisprudence Vol. 37, Page 478, it is said that: "Upon a buyer who desires to be regarded as a bona fide purchaser active duties are imposed. His lack of notice of other persons' claims to the subject-matter of the sale must be based upon a reasonable inquiry; and if he fails to investigate he will be presumed to have knowledge of everything that the exercise of due care would have disclosed. As has been said, 'he is not warranted in shutting his eyes against the lights before him.' "

■■ In this case it must be presumed in support of the judgment rendered that the trial court found, on what we deem to be ample evidence, that the sale of said automobile to Stratton was conditioned on the payment of the draft for its purchase price and since the purchase price therefor was not paid by Stratton, the title to said automobile did not pass out of appellee and the court, having found the value of the car at the date of the trial and the value of the hire and revenue thereof from the date of its replevin to the date of the trial, the judgment must be affirmed under the rule that in the trial of a case without a jury where there is ample evidence to support the findings of the trial court, such findings have the same force and effect as the verdict of a jury on the facts found and a reviewing court must affirm the trial

court's judgment in the absence of other substantial evidence. Carpenter's and Joiner's Union, etc., v. Ritters Cafe, Tex.Civ. App., 149 S.W.2d 684 and authorities there cited. (Writ of error refused).

The judgment of the trial court will be in all things affirmed.