**ONWILER v. BURTRUM.**

No. 2832.

Court of Civil Appeals of Texas. Eastland.

Dec. 1, 1950.

Rehearing Denied Feb. 2, 1951.

Irion, Cain, Bergman & Hickerson, Dallas, for appellant.

Turner, Rodgers, Winn, Scurlock & Terry, Dallas, for appellee.

GRISSOM, Chief Justice.

Joe H. Burtrum sued E. C. Onwiler for the title and possession of an automobile and the depreciation in value of the automobile during the time it was in the possession of Onwiler by virtue of a replevin bond. In a trial to the court, Burtrum recovered title and possession of the automobile and judgment against Onwiler and

the sureties on his replevin bond in sequestration for $850.00, being the decrease in value between the date it was replevied by Onwiler and the date of the judgment. The judgment provided, in the alternative, that Onwiler might pay the value of the car at the time it was replevied by him. Onwiler has appealed.

The court found that Burtrum, who was engaged in business in Joplin, Missouri, acquired title to the automobile prior to December 27, 1948 and the State Department of Revenue of Missouri issued to him a certificate of title; that since then Burtrum has been in possession of the certificate of title; that on December 27, 1948, a representative of Mexia Automobile Company at Dallas, Texas, called Burtrum by telephone and a sale of the automobile was made to said Company, hereafter referred to as Mexia, conditioned upon the payment of a draft for the purchase price; that Burtrum drew a draft on Mexia for the purchase price and attached thereto his certificate of title; the draft was not paid and the draft and certificate were returned to Burtrum; that it was the intention of said parties that title to the automobile was to remain in Burtrum until the draft was paid; that on December 30, 1948, Onwiler purchased the automobile from Mexia, paid for it and took possession; that Onwiler did not obtain any evidence of title; that Onwiler knew he should get a certificate of title; that he requested one and it was promised by Mexia but not delivered; that the market value of the automobile when delivered to Mexia was $2,250.00; that when it was replevied by Onwiler after it had been sequestrated by Burtrum it was of the value of $2,150.00; that at the time of the trial the automobile was of the value of $1,300.00; that between the date of the replevy bond and the date of the trial the automobile depreciated in value $850.00; that the automobile has never been registered in Texas; that the conditional sale by Burtrum to Mexia was a "subsequent" sale; that Mexia was the "importer" and the automobile was a "used" automobile. The court concluded that the title was in Burtrum; that Burtrum had never parted

with title; that neither Mexia nor Onwiler ever had title; that the delivery by Burtrum to Mexia of possession alone was not sufficient indicia of ownership to estop Burtrum from asserting title; that the sale by Mexia to Onwiler was void for failure to comply with the Certificate of Title Act and because Mexia never had title.

Appellant contends Burtrum has not shown title in himself and that he is estopped to assert title because he made it possible for Mexia to perpetrate a fraud on him. Appellant further contends that Burtrum, having sold and delivered the automobile to Mexia conditioned upon payment of the draft, held nothing more than a mortgage lien, which was void because not noted on the importer's certificate and that appellant is an innocent purchaser. Appellant's fifth point is that Mexia had title to the automobile and conveyed title to appellant.

■ We are convinced that the court's findings are supported by the evidence. The evidence is ample to sustain the finding that Burtrum's sale to Mexia was conditioned upon payment of the draft for the purchase price; that Burtrum never parted with the certificate of title; that Mexia never had title; that Onwiler knew he should obtain a certificate of title when he purchased the automobile but did not and relied upon Mexia's promise to mail it to him.

■ Section 33, Article 1436-1, Vernon's Ann.P.C., provides, as applicable to the facts found by the court, that no title to any motor vehicle shall pass or vest until the certificate of title shall be transferred to the purchaser. Sections 52 and 53 provide that it shall be unlawful to buy an automobile, registered or licensed in Texas, without then and there demanding of the seller the registration receipt and certificate of title and that all sales made in violation of the certificate of title law shall be void and "no title shall pass until the provisions of this Act have been complied with."

"Under some statutes a certificate of title must be procured as a condition precedent to the right to transfer a motor vehicle. It

is the plain duty of one who purchases a motor vehicle imported into the state to see to it that the seller has complied with the certificate of title law, and if derelict in that duty he acts at his peril." 60 C.J.S., Motor Vehicles, § 40, p. 164.

In Deahl v. Thomas, Tex.Civ.App., 224 S.W.2d 293, it was held that when an automobile is sold and delivered subject to the payment of a draft for the purchase price, to which the title papers are attached, and the draft is not paid, the seller is not estopped from asserting title to the automobile against one who, knowing that legal title is not being delivered to him, purchases the automobile and pays for it relying on the seller's promise to later furnish a certificate of title. The same holding was made in Gregory v. Laird, Tex.Civ. App., 212 S.W.2d 193; Associates Inv. Co. v. National City Bank of Waco, Tex.Civ. App., 231 S.W.2d 661 and Ball Bros. Trucking Co. v. Sorenson, Tex.Civ.App., 191 S. W.2d 908, 912. We approve the trial court's judgment awarding title and possession to Burtrum.

Appellant's contention that the court erred in rendering judgment against the sureties on appellant's replevy bond is overruled, among other reasons, because the sureties have not appealed. 38 Tex.Jur., 246.

■ Appellant says the court erred in rendering judgment for anything more than possession of the automobile or, in the alternative, its value. Appellant contends there is no evidence authorizing a judgment for the difference in the value of the automobile at the time it was replevied and at the date of the judgment. In this connection appellant calls attention to the fact that the replevy bond does not provide that appellant will pay "the difference between its value at the time of replevy and the time of judgment", as required by Texas R.C.P. 702. The bond provides that appellant and his sureties shall pay to appellee $2,150.00, conditioned that should Onwiler be condemned in the action he shall "satisfy the judgment which may be rendered or shall pay the estimated value of the property

with lawful interest thereon from the date of this bond." By virtue of this bond Onwiler obtained possession of the automobile which had been sequestrated by Burtrum and has retained possession since February, 1949. Onwiler is presumed to know the law and to have intended to comply with R.C. P. 702. The requirements of the rule should, therefore, be read into the bond. 11 C.J.S., Bonds, § 40, pp. 420, 421; 7 Tex. Jur., 86; Globe Indemnity Co. v. Barnes, Tex.Com.App., 288 S.W. 121, 123; Trinity Portland Cement Co. v. Lion Bonding & Surety Co., Tex.Com.App., 229 S.W. 483, 484; Smith v. Fidelity & Deposit Co. of Maryland, Tex.Com.App., 280 S.W. 767, 770.

■ It is true that Burtrum, whose testimony is depended on to sustain the court's finding relative thereto, testified that he had not seen the automobile since he delivered it to Mexia. However, Burtrum testified he was engaged in buying and selling automobiles over the country, chiefly over the telephone; that he was familiar with the value of automobiles; that he knew of his own knowledge, from his experience in dealing with automobiles, the value of the automobile in question in good condition, with 21,000 miles on it; that it was of the value of $1,100.00; that it was worth $1,050.00 in Joplin, Missouri, and worth about $50.00 more in Taylor County, where it was replevied by Onwiler; that he sold them all the time in "this vicinity." Onwiler had previously testified that said automobile, which was in his possession, was in good condition and had about 21,000 miles on it. We think said testimony was admissible and constituted sufficient evidence of the value of the car at the time of the trial. There was also sufficient evidence of the value of the automobile at the time it was replevied. The sheriff then valued the automobile at $2,150.00 and Onwiler accepted that valuation and executed a replevy bond based thereon. Although the evidence as to value is meager, Onwiler was in possession of the automobile and in position to know its condition and value and, although he testified, he did not dispute

160

said valuations. Brookmole v. Kinchen, Tex.Civ.App., 253 S.W. 953.

All of appellant's points have been carefully considered and are overruled.

The judgment is affirmed.