**J. D. PHILLIPS, Appellant,**

v.

**PROVIDENCE WASHINGTON INSUR-
ANCE COMPANY, Appellee.**

No. 15779.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 18, 1957.

Chas. O. Patterson, M. Hendricks Brown and Walter E. Jordan, Fort Worth, for appellant.

Phinney & Hallman and Ralph W. Pulley, Jr., Dallas, for appellee.

PER CURIAM.

J. D. Phillips brought suit against the defendant Providence Washington Insurance Company for an amount in money he contended was owed him under a policy of automobile collision insurance. Basis of the contention was the damage to an automobile to which plaintiff, a dealer, held legal title. The automobile had been delivered, however, to the agent of a person with whom plaintiff had contracted relative to its purchase.

From an adverse judgment in the trial court the plaintiff appealed.

Judgment affirmed.

Appellee Company resisted the claim of its insured upon the contention that at the time of the loss the automobile in question was the subject of a conditional sale from the insured to a third party. Under the provisions of the insurance contract an automobile owned by the insured was excluded from coverage if it had been sold under a conditional sale.

The insured had delivered the automobile into the hands of the purchaser's agent, who was en route to the place of business of the purchaser when the automobile was damaged through collision. The insured, as per agreement made with the agent, forwarded to the purchaser a draft in the amount of the agreed purchase price along with the certificate of title papers. These papers were to be delivered to the purchaser only upon payment of the draft. There is no doubt but that the purchaser refused to pay the draft because of the damage done to the automobile as result of the collision.

In view of prior decisions we are of the opinion that the transaction in question was an incomplete and conditional sale, with the automobile as its subject property, and, as such, within the exclusionary provisions of the policy. World Fire & Marine Ins. Co. v. Puckett, 1954, Tex.Civ.App., San Antonio, 265 S.W.2d 641, writ ref., n. r. e.; London Assur. Corporation v. Dean, 1926, Tex.

Civ.App., Waco, 281 S.W. 624, error refused; Ferris v. Langston, 1923, Tex.Civ.App., Dallas, 253 S.W. 309; Fire Ass'n of Philadelphia v. Perry, 1916, Tex.Civ.App., Galveston, 185 S.W. 374, writ dism.; Hicksbaugh Lumber Co. v. Fidelity & Casualty Co., 1944, Tex.Civ.App., Galveston, 177 S.W.2d 802; Gregory v. Laird, 1948, Tex.Civ.App., Galveston, 212 S.W.2d 193; Deahl v. Thomas, 1949, Tex.Civ.App., Amarillo, 224 S.W.2d 293, writ ref., n. r. e.; Onwiler v. Burtrum, 1950, Tex.Civ.App., Eastland, 236 S.W.2d 157.

The judgment is affirmed.