Herbert MEYER, Appellant,

v.

HARDWARE MUTUAL CASUALTY COMPANY, Appellee.

No. 11235.

Court of Civil Appeals of Texas.

Austin.

Oct. 28, 1964.

Arthur Mitchell, Austin, for appellant.

Brown, Sparks & Erwin, Austin, for appellee.

PHILLIPS, Justice.

Appellant Meyer, the plaintiff in the court below is a dealer in used cars. He brought his suit on an insurance policy and, in the alternative, against Everett Gerald Jones for damages in connection with the wreck of an automobile that Jones had purchased from him. The insurance policy in question had been underwritten by Hardware Mutual Casualty Company, the appellee in this case. From a judgment adverse to both Meyer and Jones, both appealed to this Court.

Jones, apparently interested in acquiring a Ford Thunderbird from Meyer, entered into an agreement with him to purchase the Thunderbird for $1995.00. Jones' 1959 Ford plus a cash payment of $150.00 was the consideration for the transaction.

Jones delivered possession of his 1959 Ford to Meyer, paid him $110.00 in cash, delivered the title to the 1959 vehicle to him and received possession of the Thunderbird. He drove the car for several weeks, then wrecked it.

Before the wreck, Meyer learned that Jones owed more on the car than the parties had thought and the evidence is that Jones agreed to make up the difference. This difference, however, was not paid.

After the wreck, Meyer took possession of the car, repaired it and later sold it to another party. Jones requested that Meyer pay him the proceeds from the sale, however, Meyer refused.

There was evidence before the court that Meyer had shown a representative of the insurance company a written contract of sale for the Thunderbird allegedly signed by Jones in addition to evidence that Meyer stated to this same representative that he would not let a Thunderbird out of his place of business without a contract.

Several instruments detailed "Retail Order Blanks" describing the Thunderbird and signed by Jones were introduced into evidence, however, Meyer testified that he never accepted these retail order blanks.

In a trial amendment to his First Supplemental Petition, Meyer alleged that "on or about the 19th day of June, 1962, the defendant, Everett Gerald Jones, contracted with plaintiff to purchase a 1958 Ford Thunderbird automobile made the basis of plaintiff's original petition against the defendant, Hardware Mutual Casualty Co.," and that Jones wholly breached said contract to plaintiff's damages in the amount of $1,327.-91.

The case was tried before the court without a jury, after which the court entered a take nothing judgment for Hardware Mutual Casualty Company and a judgment against Everett Gerald Jones for $1327.91.

We affirm the judgment of the trial court.

The insurance policy on which this suit was brought covered Meyer's cars "consigned to or owned by the insured and held for sale * * * exclusive of automobiles sold by the insured under bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance * * *."

Meyer is before this Court on three points of error: (1) that the trial court erred in denying him recovery against the insurance company in that the automobile was owned by him and held for sale in his business, within the property covered by the above-mentioned policy; (2) that the trial court erred in holding that the Thunderbird was not covered by the policy because of the above quoted exclusion provision; (3) that the trial court erred in holding that appellant was precluded from recovery under the

insurance policy for failure to file proof of loss with the company within ninety-one days as required by the policy.

We will discuss assignments of error one and two together and inasmuch as we hold that the transaction between Meyer and Jones consisted of a conditional sale and purchase agreement, it is unnecessary for us to discuss Meyer's third assignment.

 A conditional sale is one which is to become complete or to take effect on the happening of an event or in the performance of a condition. This includes a sale wherein possession of the property is delivered to the buyer but title is reserved in the seller until the fulfillment of a condition. Alamo Casualty Co. v. William Reeves and Co., Tex.Civ.App., 258 S.W.2d 211; 50 Tex.Jur.2d 382, Sec. 109.

In Phillips v. Providence Washington Insurance Company, Tex.Civ.App., 298 S.W. 2d 181, the court held that a transaction similar to the one before this Court was a conditional sale and that inasmuch as conditional sales were excluded from the insurance contract sued upon, the dealer could not recover.

Rush v. Smitherman, Tex.Civ.App., 294 S.W.2d 873, writ refused, holds that a contract to buy an automobile from one accepting part payment of the purchase price and delivering possession to the buyer was a contract to sell even though seller did not deliver the title certificate to the buyer. There was no written agreement between the parties in this case.

 Appellant relies upon an opinion of the Court of Civil Appeals in Willingham v. Fidelity & Casualty Company, 288 S.W. 2d 884, where the dealer was allowed a recovery against the insurance company. Here the car was destroyed while in the possession of a prospective purchaser. The provisions of the policy were similar to those before us with the exception that "purchase agreements" were not excluded from coverage. The case was submitted to a jury that found the dealer "owned" the automobile and was "holding the same for sale" at the time of the loss. The prospective purchaser had made it clear to the dealer that he might not be able to finance the car and that if he could not, he would return the car and claim the cash deposit he had made thereon. The court allowed the dealer to recover on the policy of insurance stating that, under the facts and the jury finding, title had not passed to the prospective purchaser inasmuch as the parties intended that payment should be made before title passed. The court did not discuss the possibility that a conditional sale might have been effected. We believe that this case is distinguishable from the Phillips case on the facts; however, if not, we follow the decision in Phillips.

The judgment of the trial court is affirmed.

Affirmed.